STATE of Iowa, Appellee,

v.

Craig Lee POTTS, Appellant.

No. 58442.

Supreme Court of Iowa.

April 14, 1976.

Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Jr., Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

The jury found defendant guilty of delivery of a controlled substance, a violation of § 204.401(1), The Code. Trial court sentenced him to imprisonment at the Men's Reformatory at Anamosa for a period not to exceed five years. Upon defendant's appeal, we affirm.

July 29, 1974, a government informer, Michael Blackburn, arranged to meet defendant at a Des Moines service station to discuss a marijuana purchase. They were acquaintances and had been co-employees at a Des Moines factory. Blackburn brought along police officer Leitzke, a "plain clothes" member of Metro narcotics squad. Blackburn went into the station. Defendant provided Blackburn with a sample of the marijuana which the latter carried back to Leitzke. After defendant returned to the station, one Battles arrived by auto and carried a blue suitcase into the building. Defendant removed six ounces of marijuana from the suitcase and sold it to Leitzke, who then promptly arrested defendant and Battles.

Defendant's appeal raises issues relating to speedy trial and error in a jury instruction on entrapment.

I. *Speedy trial.*

Defendant's assignment of error asserts, "The trial court erred in overruling defend-

ant's three motions to dismiss, based on violations of §§ 795.1, 795.2 and 795.3 and in finding good cause for a *220 day delay* in the trial of defendant's case."

■ Other than in this assignment, defendant does not again refer to § 795.1, The Code (speedy indictment). As this portion of the assignment is not supported by argument or authority it is deemed waived. See *State v. Baker,* 203 N.W.2d 795, 796–797 (Iowa 1973).

■ Defendant's argument is directed to an alleged violation of his statutory right to speedy trial. A detailed history of the time-consuming and convoluted skirmishes which accounted for much of the delay would add nothing to our jurisprudence. A joint county attorney's information charging both defendant and Battles was successfully attacked, as were subsequent separate grand jury indictments. Thereafter motions directed to separate county attorney's informations against defendant and Battles resulted in joint hearings which do not assist in clarifying the record.

Under the circumstances presented here, we hold defendant's speedy trial rights did not attach until the final, valid county attorney's information was filed on November 4, 1974. See *State v. Sefcheck,* 261 Iowa 1159, 1168, 157 N.W.2d 128, 133–134 (1968). Thereafter, defendant filed three motions to dismiss for lack of speedy trial.

■ The first motion, filed November 14, 1974, was premature under our holding in the last paragraph.

■ The second motion was filed January 28, 1975. Following written resistance it was heard February 14, 1975, and was overruled on February 18, 1975. On a disputed record trial court found the reason for delay was a September 5, 1974 motion defendant filed to compel "the U. S. Government" to disclose the informant's name and address. This motion lay in the file following dismissal of the first information. We pass for the moment defendant's obligation to draw it to the attention of the court and secure a ruling. See *State v. Cunha,* 193 N.W.2d 106, 111 (Iowa 1971).

At some later date defense counsel indicated to the prosecution it should be considered as a continuing motion. Trial court found the assistant county attorney had made diligent effort to locate the confidential informant and his address and provided additional time until February 20, 1975, for this purpose. Although on the record an inference might have been drawn the police and county attorney's office knew one of the informant's various residences, there was solid evidence upon which trial court based its finding.

■ We hold trial court did not abuse its limited discretion in overruling the motion to dismiss. *State v. Grady,* 231 N.W.2d 869, 872 (Iowa 1975). There was a disputed question of fact involved here. Trial court's decision, upon conflicting evidence, is controlling. See *State v. Ebelsheiser,* 242 Iowa 49, 60, 43 N.W.2d 706, 713 (1950).

■ On the whole record, it is plain defense counsel was throwing up road blocks to speedy trial even while filing the several motions to dismiss. The State requested arraignment of this defendant and Battles at the hearing on the first motion to dismiss. This was resisted by both defense counsel because a bill of particulars filed by Battles' counsel was on file. Some of the responses required information from the informant whom the assistant county attorney could not locate. Defense counsel testified at the February 14 hearing, "I would state to the best of my knowledge  *  *  * the statement was made to Mr. Sarcone [assistant county attorney] that the defendants not be arraigned until he answered the Motion to Disclose the Informant  *  *  *." Arraignment is a statutory prerequisite to trial, unless waived. Section 775.1, The Code; *State v. Lyles,* 225 N.W.2d 124, 126 (Iowa 1975). Defendant successfully resisted arraignment until February 27, 1975. He then pled not guilty. Trial was set for March 26, 1975.

■ Defendant, present and with counsel, did not resist the trial date set or assert he wanted an earlier date either at that time or at the March 14 pre-trial hearing.

The order on pre-trial indicated defendant had no further motions.

Nonetheless, March 25, 1975, defendant filed the third motion to dismiss for failure to provide a speedy trial. See *State v. Allnutt*, 261 Iowa 910, 156 N.W.2d 274 (1968). Although trial court did not assign reasons for overruling the motion, we hold defendant estopped to assert any right he had to an earlier trial. We distinguish this situation from that in *State v. Wright*, 234 N.W.2d 99, 104 (Iowa 1975) where we held defendant was not obligated to ask for an earlier retrial date. There the trial date was set in the absence of defendant and counsel.

■ Defendant's attitude throughout toward the prospect of actually being tried was best demonstrated in the following colloquy between trial court and defense counsel on the hearing on the first motion to dismiss:

"THE COURT: Answer my question. Are you asking for immediate trial? MR. MILLER: I am asking the witness some questions, Your Honor.

THE COURT: I am asking you a question, Mr. Miller. MR. MILLER: I don't think I want to answer that right at this time, if it please the Court. I'm interrogating the witness.

THE COURT: I am asking you. MR. MILLER: I understand.

THE COURT: Mr. Miller, if you don't answer I'm going to hold you in contempt of Court. MR. MILLER: Am I asking for immediate trial right now?

THE COURT: Yes, sir. MR. MILLER: Your Honor, I think my motion speaks for itself. I will rest on the motion."

It is obvious defendant never wanted a speedy trial. He did everything possible to avoid trial while filing motions to dismiss because it was not provided. The right to a dismissal for failure to provide trial should not turn on defense gamesmanship or success in whipsawing the prosecution. We hold the delay was attributable to defendant. The State has shown good cause preventing it from carrying out its § 795.2

obligation. *State v. Montgomery*, 232 N.W.2d 525, 527 (Iowa 1975).

II. *Entrapment instruction.*

■ Defendant claimed entrapment in the commission of the offense, alleging informant's entreaties and the overpowering $200 offer for the six ounces of marijuana defendant usually bought for $160 per pound.

Trial court's jury instruction, which attempted to follow the objective test laid down in *State v. Mullen*, 216 N.W.2d 375 (Iowa 1974), provided in relevant part:

"Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

\* \* \*

The law permits officers of the government to afford opportunities to citizens to commit a crime. They may employ artifice and stratagems to catch persons engaged in criminal enterprise, *but they cannot implant in the minds of innocent persons the disposition to commit a crime and induce its commission in order that they may prosecute.* The test is the effect of the police or their agent's inducements upon an average law-abiding person's mind.

\* \* \*." (Emphasis supplied.)

Defendant, objecting to that portion of the instruction above emphasized, employed the following language:

"The reason is that I think it is a difficult area to give an instruction on. As the Court says, there really isn't one set out in Mullen, but I think just by using that word disposition in there to commit a crime we are getting into that subjective area; and I think this is hard to do in an instruction. I understand the Court's problem on this, trying to set it out so that it sets forth the law accurately. But I think that gets back into that

subjective type of test, and may be confusing and misleading to the jury, the way I am reading it, anyway."

In *Mullen*, supra, 216 N.W.2d at 381, we rejected the subjective test for the reason, *inter alia*, "It has the potential of creating jury-confusing instructions, in which the element of intent required for conviction must be determined amid a welter of catch-phrase concepts: 'innocent person', 'origin of intent', 'previous disposition', and 'predisposition.'"

In the instruction before us "disposition" is not used in the sense it was used in the uniform instruction condemned in *Mullen*. That instruction provided, "Entrapment means * * * that the defendant had no previous disposition or intention to violate the law * * *." *Mullen*, supra at 379. The instruction now before us provided "[They] cannot implant * * * the disposition to commit a crime and induce its commission in order that they may prosecute." The focus here is on police conduct which might implant the disposition to commit the offense, not on the defendant's predisposition to commit it.

The added phrase "innocent persons" was unfortunate but defendant directed no specific objection to it. Rather he turned the attention of the court to the word "disposition", which we have already examined. As used here, "innocent persons" may be equated with the phrase "normally law abiding persons" found elsewhere in the instruction and approved in *Mullen*. We do not find here the wholly inconsistent mix of subjective and objective tests condemned in *State v. Leins*, 234 N.W.2d 645, 648–649 (Iowa 1975). While we do not approve of the phrase "innocent persons" we conclude, considering all of the language in the instruction, it would not mislead the jury.

We find no reversible error and the case is affirmed.

AFFIRMED.