**STATE of IOWA, Appellee,**

v.

**Ronald LaPLANT, Appellant.**

No. 58940.

Supreme Court of Iowa.

July 30, 1976.

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

Ronald LaPlant (defendant) appeals his conviction of delivery of a controlled substance in violation of § 204.401(1), The Code. Defendant's sole assignment of error is his claim he was denied a speedy trial under the provisions of § 795.2, The Code. Section 795.2 requires a criminal defendant be brought to trial within 60 days after an indictment is found (or county attorney's information is filed) unless good cause is shown. The trial court held good cause was shown for the delay. We agree and affirm.

Defendant was charged with the offense in one count of a joint county attorney's information filed January 2, 1975. Another defendant was charged in the other count. The 60th day following the filing of the county attorney's information fell on March 3, 1975.

A pretrial conference was held January 24, 1975 at which time trial was set for February 24, 1975. At the same time the trial court ordered motions to be filed by January 30, 1975. Calendar entries at the time reflected defendant's expressed wishes to depose Officer Loren Zimmerman, a State witness.

The county attorney's office customarily arranged with police officers and defense counsel for a time and place of taking requested depositions. The deposition was not taken before trial date in the instant case for reasons which are obscure. The failure may have resulted from misunderstanding as to arrangements or outright inability of the assistant county attorney to make the arrangements.

On February 24, the scheduled trial date, the prosecutor appeared before a district judge and informed him the State was prepared to proceed to trial. Defendants did not appear for trial on that date because they did not have the opportunity to take the deposition of Officer Zimmerman. The deposition was finally taken February 25, 1975.

On February 24, the scheduled trial date, the prosecutor informed defense counsel there was only one open trial date remaining within the 60 day period—February 26, 1975—two days later. LaPlant was unavailable and the other defendant was out of town. Trial was rescheduled for June 25, 1975.

On the basis of conversation between counsel, the prosecutor believed there would be no problem with the 60 day requirement and that when the deposition came back counsel would agree on a trial date in the future. This belief stemmed in part from defense counsel's assurances he would be "agreeable at most any time for a trial date." The prosecutor took the remark as

an indication the defense would not stand on the 60 day requirement because of problems attending the deposition. Defendant's counsel however intended to convey the impression he was anxious for a speedy trial and wanted it any time within the 60 day period. It was an honest misunderstanding.

I. At the trial court level the burden is upon the State to show good cause for any delay beyond the 60 day limitation of § 795.2, The Code. Where the State is unable to make such a showing the statute demands dismissal of the case. However our review of a determination of good cause is not de novo. *State v. Donnell,* 239 N.W.2d 575, 579 (Iowa 1976). The trial court's decision upon conflicting evidence is controlling. *State v. Potts,* 240 N.W.2d 654, 656 (Iowa 1976). To secure a reversal defendant must show the trial court abused its limited discretion. *Potts,* supra, 240 N.W.2d at 656; *Donnell,* supra, 239 N.W.2d at 579; *State v. Albertsen,* 228 N.W.2d 94, 98 (Iowa 1975).

Delay attributable to defendant may constitute good cause. *Donnell,* 239 N.W.2d at 579; *State v. Lyles,* 225 N.W.2d 124, 126 (Iowa 1975). See *State v. Fryer,* 243 N.W.2d 1 (Iowa 1976); *State v. Leonard,* 240 N.W.2d 690, 693 (Iowa 1976).

Under the foregoing authorities we hold the trial court did not abuse its limited discretion. The facts presented are somewhat unique. Delay beyond the 60 day period did not result from any fault on the part of the State or the defendant. But good cause may be shown by the State without establishing fault on the part of defendant or his counsel.

Here the delay was no more than was reasonably necessary, under the circumstances, to comply with defendant's request for the taking of the deposition. A criminal defendant must accept the reasonable delay he instigates. Good cause was shown. The judgment of the trial court is

AFFIRMED.