**STATE of Iowa, Appellee,**

v.

**Fred LEVSEN, Appellant.**

**No. 58487.**

Supreme Court of Iowa.

Jan. 18, 1978.

Yale H. Iverson, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Dan L. Johnston, County Atty., for appellee.

Considered by MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

MASON, Justice.

This is an appeal by defendant Fred Levsen from judgment imposed upon his conviction by a jury of the crime of delivery of a controlled substance in violation of section 204.401(1), The Code, 1975, as charged in a county attorney's information.

After entry of a plea of not guilty the case proceeded to trial April 24, 1975. At the hearing on the trial court's proposed instructions, defendant submitted to the court an instruction concerning his defense of entrapment. This was not accepted by the court and, over objection by defendant, the court submitted its own entrapment instruction. April 28 defendant was found guilty of the charge against him. June 5 an accommodation hearing was held before a different judge who found defendant guilty of sale of a controlled substance for profit. June 30 defendant filed his notice of appeal alleging error by the trial court in failing to submit his instruction and in overruling his objection to the court's instruction.

Trial in this matter began after our decision in *State v. Mullen*, 216 N.W.2d 375 (Iowa 1974), wherein we adopted the objective test of entrapment, and before the publication of the 1976 Iowa State Bar Association Uniform Jury Instruction No. 501.21. The trial court with only the benefit of *Mullen* instructed the jury in pertinent part as follows:

"INSTRUCTION NO. 9

"The Defendant has asserted that he was the victim of entrapment. Entrapment occurs when a law enforcement officer induces the commission of an offense using persuasion or other means likely to cause normally law-abiding persons to commit the offense.

" * * *

"In this case the jury should consider all the evidence bearing on the issue as to whether defendant was entrapped, including the relationship between Larry Cramer and the defendant, what was said, and the defendant's response to the inducements, if any, the nature and extent of the requests, if any, made by Officer Cramer, and *unreasonable appeals*, if any, *to close personal friendships* of such a nature as would cause a normally law-abiding citizen to break the law, * * *." (Emphasis supplied).

Defendant's submitted instruction only differed materially as to the emphasized portion of the trial court's instruction. Defendant urged the court to substitute the following sentence for the emphasized portion of its instruction:

"The persuasive methods that may be considered as undue influence are *appeals to friendship* of such a nature as would cause a reasonable, normal law-abiding citizen to break the law." (Emphasis supplied).

To the court's proposed instruction, defendant made the following objection:

"MR. IVERSON: As to Instruction Number 9, which in particular deals with the matter of entrapment, specifically the defendant would object to the use of the word 'unreasonable' * * * for the reason that it's respectfully urged that *State versus Mullen* requires that only appeals be to close personal friendship rather than unreasonable appeals to close personal friendship, and that to include the word 'unreasonable' in the instructions, modifying appeals, appears not to be the law as represented in *State versus Mullen* and imposes an additional burden upon the defendant in this case."

The court overruled defendant's objection " * * * for the reasons that the objections set forth as to the grounds therefor are adequately covered in the instruction proposed by the Court."

In *State v. Pooler*, 255 N.W.2d 328, 330 (Iowa 1977), there is this pertinent statement:

"The objective standard of entrapment adopted by this court in *Mullen* is that entrapment occurs when a law enforcement agent induces the commission of an offense using persuasion or other means likely to cause a normally law-abiding person to commit the offense. We rejected the prior subjective standard because of its misplaced focus on the predisposition of the accused rather than a concern for the reprehensiveness of the government conduct involved."

I. Defendant contends the trial court erred in using the word "unreasonable" to modify the word "appeals" in its entrapment instruction since this was contrary to *Mullen* and placed an additional burden on him. He bases this contention on the following statement in *Mullen*, 216 N.W.2d at 383:

" * * * Depending on an evaluation of the facts in each case, prohibited governmental activity might include extreme pleas of desperate illness, *appeals based primarily on* sympathy, pity or *close personal friendship*, and offers of inordinate sums of money. *United States v. Washington*, 20 F.2d 160, 163 (D.Neb.1927); *Grossman v. State* [457 P.2d 226 (Alaska 1969)], supra, 457 P.2d at 230."

The State contends the trial court by inclusion of the word "unreasonable" was merely attempting to point out to the jury that not all appeals to friendship would amount to entrapment. The State maintains the court chose the word to modify "appeals" because it most effectively conveyed the objective standard. The State argues because " * * * the test employed was an objective test, focused on the conduct of the police, and because that conduct was to be condemned as entrapment only if it were *reprehensible, unreasonable, or improper* the jury was properly instructed. Instruction No. 9 accurately conveyed to the jury the conduct to be considered, and the standard by which that conduct was to be judged." (Emphasis in original).

■ Once evidence of entrapment is introduced the state has the burden of persuading the trier of fact beyond a reasonable doubt entrapment did not occur. In this connection this statement from *State v. Mullen*, 216 N.W.2d at 382, which was in response to the specific question "whether the objective test we have adopted today should be applied by the court or by the jury" is relevant to the problem:

"We hold the trial court shall determine the question as a matter of law where there is no dispute as to the facts or the inferences to be drawn from them but shall submit the issue to the jury where the defense is properly raised and there is a dispute in the evidence relating to the operative facts or the inferences to be drawn therefrom."

The question is whether the trial court's use of the word "unreasonable" in its instruction lessened the burden of persuasion imposed upon the State.

We have reexamined the two cases cited in that portion of the *Mullen* decision quoted earlier in this opinion. In *Washington*, 20 F.2d at 163, the court stated:

"But the clear import and commands of the Circuit Court of Appeals' decisions, to which I must conform, are that any conduct of enticement, beguilement, deception, suggestion, persuasion, procurement, or aiding and abetting by agents that goes further, and so effects the sale, introduces the issue of entrapment. Further, it may be stated, *any effective appeal made by the agents to* the impulses of compassion, sympathy, pity, *friendship*, fear, or hope, other than the ordinary expectation of gain and profit incident to the traffic, likewise introduces the issue." (Emphasis supplied).

In *Grossman*, 457 P.2d at 230, the court stated:

"Examples of what might constitute prohibited activity, depending upon an evaluation of the facts in each case, are extreme pleas of desperate illness, *appeals based primarily on* sympathy, pity, or *close personal friendship*, and offers of inordinate sums of money." (Emphasis supplied).

■ Careful study of these cases compels the conclusion, as it did in *Mullen*, that it is merely appeals to close personal friendship which might in a proper factual setting constitute entrapment. Thus, the State's first argument supporting the trial court's use of the word "unreasonable" is without merit.

The State bases its other supporting argument on the following statement in *Mullen*, 216 N.W.2d at 381:

" * * * It [the subjective test] fails to confront the real concern whether the police actions were so reprehensible under the circumstances that a conviction, as a matter of public policy, should not be tolerated."

The State appears to be claiming the quoted excerpt from *Mullen* is a second test which may be employed in an entrapment instruction. In *State v. Pelelo*, 247 N.W.2d 221, 225 (Iowa 1976), the court rejected a similar contention when it stated:

" * * * This was a reason for adopting the objective standard; it was not a statement of the new standard. * * * Although this [the objective] standard focuses on police conduct so that acquittals based on entrapment have the effect of identifying reprehensible police conduct, nothing in the standard requires that the jury be told it must consider in applying the standard, 'whether the police actions were so reprehensible that, as a matter of public policy, a conviction should not be tolerated.' This principle is an explanation for the standard but not part of its definition."

In our opinion the trial court's use of the word "unreasonable" in its instruction was error since it affected the burden of persuasion imposed upon the State. Nevertheless, the State maintains the use of the word did not constitute reversible error.

On this question both sides cite *State v. Potts*, 240 N.W.2d 654 (Iowa 1976). At issue in *Potts* was the trial court's use of the words "disposition" and "innocent persons" in its entrapment instruction. The court expressed the opinion the use of "disposition" in its context was not reversible error because the instruction still focused " * * * on police conduct which might implant the disposition to commit the offense, not on defendant's predisposition to commit it." *Id.* at 658.

The court concluded the use of "innocent persons" could be equated with the *Mullen* phrase "normally law-abiding persons." Though the use of the words "innocent persons" was not approved, this court determined that " * * * considering all the language in the instruction, it would not mislead the jury." *Id.* at 658.

The State cites *Pelelo* as also being determinative of the question before us. As noted, at issue in *Pelelo* was the trial court's inclusion in its instruction that the jury was to "consider whether the police actions were so reprehensible that as a matter of public policy a conviction should not be tolerated."

The court expressed the view the language should not have been added but it was not reversible error to do so. The instruction as a whole accurately " * * *

informed the jury of the objective standard of entrapment. In context, the language added by the court did not diminish the State's burden under that standard." *Pelelo,* 247 N.W.2d at 225.

■ The State contends *Potts* and *Pelelo* stand for the proposition a modified objective instruction will not amount to reversible error. We do not agree. These decisions stand for the proposition a modified objective instruction will not constitute reversible error where the instruction viewed as a whole accurately informs the jury of the objective standard *and* the language in the context in which it is used does not diminish the State's burden to prove beyond a reasonable doubt defendant was not entrapped. This is the test developed in those cases.

■ We turn now to application of this test to the language used in the case before us. The instruction viewed as a whole accurately informed the jury of the objective standard. The trial court correctly set out that standard twice in its instruction.

However, when the language is viewed in context it significantly diminished the State's burden. The trial court's use of the word "unreasonable" to modify the word "appeals" allowed the State to prove defendant was not entrapped if it could show beyond a reasonable doubt there were no unreasonable appeals to close personal friendship made to defendant as would cause a normally law-abiding person to commit the offense with which defendant was charged. It is substantially easier to prove absence of unreasonable appeals than it is to prove absence of appeals.

The State points out there was little evidence of any appeals to friendship made by the police officer here to defendant. The trial court determined there was sufficient evidence to generate a jury question on the entrapment issue. It was therefore for the jury to decide whether the State had proven beyond a reasonable doubt defendant was not entrapped by appeals to close personal friendship. The jury should not have been instructed to decide whether the State

had proven beyond a reasonable doubt defendant was not entrapped by unreasonable appeals to close personal friendship.

The trial court's use of the word "unreasonable" in its instruction constituted reversible error.

The case is therefore—Reversed. See section 1422, Iowa Code of Criminal Procedure.