STATE of Iowa, Appellee,

v.

Loren Alvin PETERSEN, Appellant.

No. 62440.

Supreme Court of Iowa.

Feb. 20, 1980.

Rex Darrah and David R. Milligan, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Kermit L. Dunahoo, Sp. Asst. Atty. Gen., and Kathy Krewer, Asst. Atty. Gen., and Michael H. Doyle, Asst. Polk County Atty., for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

The sole question here is whether there was a denial of a speedy trial. After his conviction of operating a motor vehicle while under the influence of an intoxicating beverage, section 321.281, The Code 1977, the defendant brought this appeal in which he challenges only one trial court ruling. The trial court refused to dismiss the prosecution notwithstanding the expiration of more than 90 days between the filing of the trial information and the commencement of trial. We find good cause was shown for the delay and affirm the trial court.

The trial information was filed March 30, 1978. On April 5 defendant pled not guilty and trial was set for May 24. Trial did not begin on that day, however, because of an honest misunderstanding between counsel. The date presented some inconvenience to defendant's lawyer because he had other cases set for trial at the same time. He requested the prosecutor's consent to a continuance.

The prosecutor advised that a written motion for continuance would be required. Without informing the prosecutor, the defendant's lawyer thereafter decided he would attempt, and was able, to reschedule his other cases. When the defendant and his counsel appeared on May 24, expecting trial to commence, the misunderstanding came to light. The prosecutor believed that the case had been continued in accordance with the earlier conversation, was involved in another trial, and was not prepared for the trial of this case. Trial was continued to June 14.

On June 8 the State moved for a second continuance because a material expert witness was on vacation out of state. On June 14 the defendant and his counsel again appeared for trial but did not at that time resist the motion for continuance. Trial was continued to July 12.

On July 7 defendant moved to dismiss on speedy trial grounds under Iowa R.Crim.P. 27(2)(b) and, nominally, Amendment VI, United States Constitution, and Art. I, § 10, Iowa Constitution. Upon hearing, held immediately before trial, the motion was overruled. The 90 days following filing of the trial information expired June 28, 1978.

Iowa R.Crim.P. 27(2)(b) provides:

If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

■ It is the State's burden to demonstrate good cause in order to be excused from the 90-day trial requirement. *State v. Brandt*, 253 N.W.2d 253, 255 (Iowa 1977); *State v. Moehlis*, 250 N.W.2d 42, 46 (Iowa 1977).

■ I. The defendant concentrates his speedy trial claim, not on the constitutional protection delineated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), but rather on the more stringent requirements of our criminal rule 27(2)(b). Under the constitutional protection each case must be decided on its own facts after a delicate balancing process of factors identified in *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 116–17, and in *State v. Shockey*, 214 N.W.2d 146, 150 (Iowa 1974). Four factors, though not exclusive, were listed:

1. Length of delay;
2. Reason for delay;
3. Defendant's assertion of his right to a speedy trial; and
4. Prejudice resulting from delay.

■ No serious constitutional speedy trial challenge emerges from the record here. The four *Barker v. Wingo* factors plainly balance in favor of excusing the trial delay.

No extensive discussion seems necessary to show that three of the four factors, 1, 3, and 4, quite obviously weigh against the defendant's constitutional claim. The second factor, the reason for the delay, will be discussed in more detail in the next division. It is enough here to say that, weighing all four factors together, the defendant failed in the balancing process. His claim that he was denied his constitutional right to a speedy trial is without merit.

■ II. Iowa, of course, has its own speedy trial requirement under Iowa R.Crim.P. 27(2)(b). Prior to the criminal code revision of 1977 this speedy trial requirement was established by section 795.2, The Code. Our requirement is both more specific and more stringent than the constitutional speedy trial requirement. A set period, now 90 days, is fixed within which trial must commence. If trial is not commenced within the 90-day period the case must be dismissed unless one of three things has occurred: (1) the defendant has waived his right to a speedy trial, (2) the delay is attributable to the defendant, or (3) there is "good cause" for the delay. *State v. Ege*, 274 N.W.2d 350, 354 (Iowa 1979), and cases there cited.

■ In determining whether good cause exists which will justify a delay under rule 27(2)(b) we do not apply the four-factor balancing test of *Barker v. Wingo*. Good cause, under our rule, focuses on only one factor: the reason for the delay. If the reason for the delay is sufficient the other factors are not needed. If the reason for the delay is insufficient the other factors will not avail to avoid dismissal.

■ Yet, the reason for the delay cannot be evaluated entirely in a vacuum. The surrounding circumstances bear on the focal point of the inquiry, that is, the reason for the delay. The surrounding circumstances often include matters that will seem familiar: length of delay, whether the defendant asserted his right to a speedy trial, and whether he was prejudiced by the delay. But, considered only as surrounding circumstances, these matters are important, if at all, only insofar as they bear on the sufficiency of the reason itself. The shortness of the period, the failure of the defendant to demand a speedy trial, and the absence of prejudice are legitimate considerations only insofar as they affect the strength of the reason for delay. This means that, to whatever extent the delay has been a short one, or the defendant has not demanded a speedy trial, or is not prejudiced, a weaker reason will constitute good cause. On the other hand, if the delay has been a long one, or if the defendant has demanded a speedy trial, or is prejudiced, a stronger reason is necessary to constitute good cause.

To some extent our prior cases have not emphasized the singular importance of the reason for delay in testing good cause under criminal rule 27(2)(b). To any such extent those prior cases are now overruled.

■ Turning to the facts at hand we have said that the delay was a relatively short one. The defendant did not demand a speedy trial. He has not been prejudiced significantly by the 14-day delay. These matters show that a less serious reason will suffice to constitute good cause. Under these circumstances we think there was good cause. The first trial date was passed on the basis of an honest misunderstanding of counsel. The prosecutor reasonably believed that the defendant's attorney wanted the case continued and was to file a motion for continuance. The second trial date was not fulfilled because of the absence of a witness.

The trial court did not err in refusing to dismiss the prosecution on speedy trial grounds.

AFFIRMED.