**STATE of Iowa, Appellee,**

v.

**Marlon BOND, Appellant.**

**No. 69289.**

Supreme Court of Iowa.

Nov. 23, 1983.

Rehearing Denied Dec. 21, 1983.

LuAnn White and Raymond E. Rogers, Asst. Appellate Defenders, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Steven M. Foritano, Asst. Atty. Gen. and John A. Morrissey, County Atty., for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

WOLLE, Justice.

Defendant Marlon Bond appeals from his conviction for operating a motor vehicle under the influence of an alcoholic beverage in violation of Iowa Code section 321.281 (1981). The sole issue on this appeal is whether Bond was denied his right to a speedy trial. The trial court refused to dismiss the charges against Bond, finding good cause for failure of the State to bring

him to trial within ninety days from the date of the trial information. We affirm.

Bond was arrested on February 12, 1982, and was released on bond that same day. On March 16, 1982, Bond was charged by trial information with OMVUI, third offense. Arraigned on April 19, 1982, Bond pleaded not guilty and did not waive his right to a speedy trial. After Bond filed a written waiver of jury trial, the court administrator on May 29, 1982 scheduled trial for June 22, 1982. Even though the scheduled trial date was eight days after the ninety day limit for speedy trial under Iowa R.Crim.P. 27(2)(b) would have expired, Bond agreed to the trial date on condition that no further delay would occur.

Bond's case was the second of three cases that were scheduled by the court administrator for trial on June 22. The first case scheduled for that day was also a criminal case, and a jury was being selected for that trial when the presiding judge learned that Bond had not waived speedy trial. Upon motion by the State for a continuance, resisted by Bond, the trial court rescheduled Bond's trial for June 30. On June 29 Bond filed a motion to dismiss for failure to provide him a speedy trial, but after a hearing on June 30 just before the rescheduled trial was to begin, Bond's motion was overruled. Trial resulted in conviction of Bond for OMVUI, third offense.

I. *Principles Governing the Good Cause Determination.*

This case must be viewed against the backdrop of a case both parties have relied upon, *State v. Jennings,* 195 N.W.2d 351 (Iowa 1972), and the more recent Iowa cases which have construed the former Iowa statute and present rule of criminal procedure providing a "good cause" exception to Iowa's speedy trial requirement. Although our court in *Jennings* affirmed a trial judge's finding of good cause because no judge could be found to try the case when the scheduled trial date arrived, we said:

> This does not mean, however, particularly under existing judicial districting, chronic crowded dockets, sickness of a

trial judge, or unavailability of judges due to vacation schedules will alone suffice as good cause for trial delay. The public policy inherent in § 795.2 requires trial within 60 days absent good cause, and it is the State's duty to effectuate that policy.

195 N.W.2d at 356. *Jennings* was decided under the Iowa Code section then in effect requiring that a criminal defendant be brought to trial within sixty days from filing of charges "unless good cause to the contrary be shown." Iowa Code § 795.2 (1966), as amended by 62 G.A. ch. 400, § 259 (1969). The same "good cause" exception has remained in our law since that time, although it is now a part of Iowa R.Crim.P. 27(2)(b) which provides for trial within ninety days rather than sixty days, reading:

> If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

In *Jennings* and its progeny, we have sometimes found good cause present and sometimes held that the circumstances of the case required dismissal of charges for failure of the State to establish good cause. Although each case must be decided on its own factual circumstances, certain governing principles have emerged from our recent speedy trial cases.

Rule 27(2)(b) is narrower and more restrictive than the constitutional right to a speedy trial. Under the more general constitutional protection delineated in *Barker v. Wingo,* 407 U.S. 514, 530–33, 92 S.Ct. 2182, 2192–93, 33 L.Ed.2d 101, 116–19 (1972), the court must weigh all factors surrounding the claimed unfair delay, including the length of and reason for the delay, defendant's specific assertion of his right to speedy trial, and the prejudice resulting from the claimed delay. Here, Bond does not allege a deprivation of his broader constitutional right to speedy trial.

■ If trial is not commenced within the ninety day period prescribed by Rule 27(2)(b), the case must be dismissed unless one of three things has occurred: (1) the defendant has waived his right to a speedy trial, (2) the delay is attributable to the defendant, or (3) there is "good cause" for the delay. *See, e.g., State v. Hamilton,* 309 N.W.2d 471, 475 (Iowa 1981) (waiver of delay); *State v. Petersen,* 288 N.W.2d 332, 335 (Iowa 1980) (State established good cause for delay); *State v. Ege,* 274 N.W.2d 350, 354–55 (Iowa 1979) (delay attributable to defendant).

■ At the trial court level the burden is upon the State to show waiver, delay attributable to the defendant, or good cause for any delay beyond the time prescribed by statute or rule; if the State fails to establish such an exception, the case must be dismissed. *State v. Lybarger,* 263 N.W.2d 545, 547 (Iowa 1978); *State v. LaPlant,* 244 N.W.2d 240, 242 (Iowa 1976).

■ The good cause exception to trial within ninety days under Rule 27(2)(b) focuses on only one factor: the reason for the delay. Surrounding circumstances bear on the focal point of the inquiry but only to the extent that they relate directly to the sufficiency of the reason itself. Such circumstances as a relatively short period of delay, failure of the defendant to demand a speedy trial, and the absence of prejudice may allow a weaker reason to constitute good cause; a stronger reason may be necessary in the absence of such factors. *State v. Moritz,* 293 N.W.2d 235, 241 (Iowa 1980); *State v. Petersen,* 288 N.W.2d at 335.

■ When the State contends "court congestion" is the reason for delay, the trial court must distinguish between chronic court congestion and specific circumstances arising out of unique, non-recurring events which create a particular scheduling problem. *Compare State v. Leonard,* 240 N.W.2d 690, 692–93 (Iowa 1976) (complexity of case and general docket congestion not good cause for continuance), *and State v. Hines,* 225 N.W.2d 156, 158–59 (Iowa 1975) (failure to staff courtroom with sufficient jurors not good cause for continuance), *with State v. Jennings,* 195 N.W.2d at 355–56 (illness and vacation of several judges and early rescheduling of trial of defendant out on bond constituted good cause). *Cf. State v. Hathaway,* 257 N.W.2d 735, 736–37 (Iowa 1977) (good cause for late filing of trial information established because all judges out of town on required filing day).

## II. *Scope of Appellate Review.*

■ Appellate review of the trial court's determination of good cause is not de novo. The trial court's findings of fact upon conflicting evidence are binding upon us if supported by substantial evidence. *State v. LaPlant,* 244 N.W.2d at 242; *State v. Potts,* 240 N.W.2d 654, 656 (Iowa 1976).

■ The discretion of the district court to grant a trial continuance for good cause shown under Iowa R.Crim.P. 27(2)(b) is narrower than is the discretion in civil cases under Iowa R.Civ.P. 183.

> The discretion to avoid dismissal in a criminal case is limited to the exceptional circumstance where the State carries its burden of showing good cause for the delay. This is the circumscribed discretion in review on appeal.

*State v. Hines,* 225 N.W.2d at 160–61; *see State v. Zaehringer,* 306 N.W.2d 792, 795 (Iowa 1981); *State v. Donnell,* 239 N.W.2d 575, 579 (Iowa 1976).

## III. *Did the State Establish Good Cause for Delay?*

■ The trial court's refusal to dismiss this case did not constitute an abuse of its narrow discretion to grant a brief continuance. The facts on which it concluded that good cause had been shown are supported by substantial evidence and binding upon us. *State v. Potts,* 240 N.W.2d at 656. Three cases had been scheduled on the day Bond's trial was to begin and only one judge was available. Trial during the preceding week had been precluded by a judges' conference, with Bond having agreed to a limited waiver of the ninety-day rule. The trial court decided that another case should receive priority that day

for several solid reasons: the first case on the list was being tried to a jury, the defendant in that case had not waived speedy trial and was incarcerated for failure to make bond, and the trial court was not aware of a speedy trial problem until the jury had been empaneled and jury selection had begun. Efforts to locate another judge that day were unavailing, yet the trial court was able to reschedule and commence Bond's trial just eight days later. On the specific factual circumstances of this case, it is clear that the reason for not bringing Bond to trial within the time permitted by Rule 27(2)(b) was the trial court's sound decision to complete the jury trial of an incarcerated defendant before commencing Bond's trial. The surrounding circumstances—particularly the resulting delay of only eight days and absence of facts showing prejudice to Bond who was not incarcerated—satisfy us that the trial court did not abuse its narrow discretion in finding good cause for the delay and denying Bond's motion to dismiss. The court's decision to give priority to the jury trial of the incarcerated defendant whose case was also ready that day was consistent with Standard 12–1.1 of the American Bar Association's Standards For Criminal Justice (1982 Supp.) which provides:

> To effectuate the right of the accused to a speedy trial and the interest of the public in prompt disposition of criminal cases, insofar as is practicable:
> (a) the trial of criminal cases should be given preference over civil cases; and
> (b) the trial of defendants in custody and defendants whose pretrial liberty is reasonably believed to present unusual risks should be given preference over other criminal cases.

We have previously cited standard 2.3(a) of the American Bar Association Standards relating to speedy trial, approved draft 1968, as authoritative on speedy trial questions. *State v. Donnell,* 239 N.W.2d at 579. Iowa Rule 27(2)(b) and our cases applying that rule are generally consistent with other ABA Standards on speedy trial issues, and we agree with the above-quoted standard that recommends priority be given to cases involving incarcerated defendants in criminal cases.

We are also satisfied that the trial court did not abuse its narrow discretion in denying Bond's motion to dismiss based on the exceptional circumstances which occurred on the scheduled day for trial. Had the rescheduled trial not promptly begun, had the delay been more than just eight days, or had Bond been incarcerated or otherwise unfairly prejudiced by the delay, dismissal might well have been required. Bond, however, offered no evidence to support his counsel's argument that the eight-day delay cost him job opportunities, and the trial court made no such finding, or any finding whatsoever as to unfair prejudice to Bond.

The trial court did not err in refusing to dismiss the prosecution of Bond on speedy trial grounds.

AFFIRMED.

All Justices concur except CARTER, J., who dissents.

CARTER, Justice (dissenting).

I respectfully dissent.

The opinion of the court recognizes that it is the State's duty to effectuate the policy of bringing a defendant to trial within the time required by Iowa Rule of Criminal Procedure 27(2)(b). The responsibility for carrying out the mandate of the rule falls upon the court and not the prosecutor. *See State v. Hines,* 225 N.W.2d 156, 160–61. It could not be otherwise because it is the court which is charged by law with the responsibility of fixing the time of trial. Under Iowa Rule of Criminal Procedure 18(1)(a), this must be done upon the entry of plea of not guilty—in fixing the time of trial, the defendant's right to speedy trial under rule 27(2)(b) should be the paramount consideration.

The defendant entered a plea of not guilty on April 10, 1982. Rather than assigning his case for trial within the 90-day period at that time as provided in rule 18(1)(a), no trial assignment was made until May 29, 1982. At that time, because the

final week of the 90-day period coincided with a judicial conference, the defendant agreed that his trial could commence on June 22, 1982, eight days after the 90-day period was to expire. The State concedes that such agreement was expressly conditioned upon no further delay occurring as to time of trial.

For his consideration in accommodating the judges concerning their conference activities, defendant was rewarded by a total lack of consideration by the court in accommodating his right of speedy trial under rule 27(2)(b). First, his case was scheduled behind the trial of another defendant which did not have to be tried on June 22 in order to accommodate that defendant's speedy trial rights. Second, when he again made the court aware of the fact on the morning of trial that he would not further waive his right to speedy trial, the court refused to try his case ahead of the case which had been placed first on the schedule. In combination, these two occurrences add up to a clear and totally unexcused violation of defendant's rights under rule 27(2)(b).

The opinion of the court seeks to excuse this insensitivity to defendant's procedural rights by the fact that the particular judge assigned to try cases in Jefferson County on June 22, 1982, was not aware that a speedy trial problem existed until a jury had already been called to try the first assigned case on that date. Rather than being an excuse for the denial of defendant Bond's rights under rule 27(2)(b), this circumstance should be viewed in precisely the opposite manner.

When defendant Bond conditioned his consent to the June 22 trial date, which was eight days beyond the time provided by law, upon no further trial delay, it at once became the responsibility of the court to give that case priority over other assigned cases not facing speedy trial dismissals. Such priority arose even though the other cases had been placed in the assignment first. There is no explanation whatsoever made by the State why any existing conflict was not resolved in favor of defendant's right to speedy trial during the more than three-week period in which such resolution might have been accomplished. The fact that the judge assigned to Jefferson County still had the problem on June 22 and, indeed, had not even been told he had the problem is clear evidence of neglect in the assignment process, a circumstance which precludes a finding of good cause for the order continuing the trial beyond June 22.

In addition, when the judge in Jefferson County was made aware of the problem, there was still time to have done something about it. Rather than acting to accord the defendant the priority to which he was entitled, the court made a conscious election to establish a system of priorities which subordinated defendant's speedy trial rights to the trial of another case for which no speedy trial claim was imminent.

The majority of this court seek to justify what was done by approving priorities similar to those of the district court. The reliance which it places in this regard on Standard 12–1.1 of the American Bar Association Standards For Criminal Justice (1982 Supp.) is misplaced. That commentary is an aspirational concept of "speedy trial" in an abstract setting where no clear understanding of the boundaries of the speedy trial guarantee is otherwise established. The commentary is not relevant on the issue of good cause for deviating from boundaries which have clearly been fixed by legislative enactment. It is simply wrong to suggest as the majority implies that in applying the guarantees of rule 27(2)(b), the rights of a defendant in custody, whose statutory right to speedy trial is not imminent, may be accorded a higher priority than those of a defendant who faces loss of such rights. There is no evidence that the legislature, in enacting rule 27(2)(b) intended to modify the priorities which naturally flow from application of that rule on the basis of (a) jury versus nonjury trials, or (b) incarcerated defendants versus defendants free on bond. Absent a specific legislative directive in this regard, such a deviation from the clear provisions of the rule is a conclusion which stands the legislature's directive on its head.

Any claim that good cause flows from the prevention of economic waste which would have attended sending the jury panel home so as to commence trial of defendant's non-jury trial within the speedy trial period is equally unpersuasive. Such a claim focuses on the situation which confronted the judge on June 22. The court had been made aware of the need to try defendant on that date more than three weeks prior thereto and had done nothing to reschedule the conflicting jury trial. Such inaction on the part of the court precludes a finding of good cause.

The present case is no different in principle than *State v. Hines,* 225 N.W.2d at 160–61 where we held that failure to call a jury panel was not good cause where the court had had time to properly schedule the trial within the time for speedy trial under the rule. In the present case, the court failed to reschedule a conflicting jury trial when it had adequate time to do so. No showing of good cause has been made to excuse the denial of defendant's speedy trial rights. I would reverse the trial court's order and remand the case to the district court with directions to dismiss the action.