STATE of Iowa, Appellee,

v.

Chad NELSON, Appellant.

No. 98–1182.

Supreme Court of Iowa.

Sept. 9, 1999.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, Richard Crowl, County Attorney, and Christopher Wilson, Assistant County Attorney, for appellee.

Considered McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

Defendant, Chad Nelson, was one of over 220 persons cited for motor vehicle crimes in connection with a roadblock set up in Council Bluffs in August 1997. Nelson was eventually convicted of operating while intoxicated, first offense. *See* Iowa Code § 321J.2 (1997). He argued in the trial court, and now urges on appeal, that the roadblock violated statutory and constitutional norms governing such police activity. He also claims the trial court's four-month delay in ruling on his motion to suppress violated the ninety-day speedy-trial deadline prescribed by Iowa Rule of Criminal Procedure 27(2)(b). Because Nelson's speedy-trial argument is dispositive, and must be resolved in his favor, we reverse the judgment of the district court and remand for dismissal of the trial information.

**I. Background Facts and Proceedings.**

Facts pertinent to Nelson's speedy-trial argument are largely undisputed. On August 23, 1997, a coalition of law enforcement agencies in western Iowa conducted a routine vehicle roadblock. The roadblock's ostensible purpose was to check for licensing and registration violations in accordance with Iowa Code chapter 321K. The forty-three officers on the scene, however, were also prepared to arrest and process drivers who were found to be committing other criminal violations. When one of these officers asked Chad Nelson to produce his license and registration, he suspected Nelson was intoxicated. Nelson thereafter gave a breath sample, testing .164 on the intoxilyzer. He was then arrested for operating while intoxicated (OWI) in violation of Iowa Code section 321J.2.

The State filed a trial information charging Nelson with OWI on September 19, 1997. He subsequently pleaded not guilty at his arraignment held October 1. Trial was set for November 18, 1997.

Eleven days prior to trial, Nelson filed a motion to suppress. The motion attacked the legality of the roadblock, asserting the officers' purported goal of checking for license and registration violations was, in fact, a mere pretense for snaring drunk drivers, all in violation of Iowa Code section 321K.1. Nelson also claimed the roadblock "improperly targeted individuals traveling from Nebraska" in violation of the Equal Protection, Commerce, and Privileges and Immunities Clauses of the United States Constitution. The matter was set for hearing on December 10, 1997, thus scuttling Nelson's original trial date. No new date for trial was scheduled.

The suppression hearing held on December 10 actually involved five defendants, all of whom had pressed identical challenges to their arrests in connection with the

roadblock. The State offered the testimony of five officers involved in the roadblock's planning and implementation. Prior to hearing, Nelson filed a seven-page supporting brief. At the close of the hearing, the State asked for–and was granted–ten days to respond with a written memorandum of its own. Nelson was granted additional time for written rebuttal, if necessary. The record reveals that the case was fully briefed by January 8, 1998.[1]

The presiding judge, Gary K. Anderson, filed his consolidated ruling in the matter on April 21, 1998. In a nicely reasoned, eight-page opinion, he concluded the State had complied with the statutory requirements of chapter 321K and that the constitutional challenges to the roadblock had no merit. In a separate two-page order, Judge Anderson rejected Nelson's claim of error in the implied-consent procedures.

At a pretrial conference held two weeks later, on May 4, Nelson's counsel moved to dismiss the case on speedy-trial grounds. His written motion observed that the speedy-trial deadline expired December 18, 1997. He then recited the significant dates in the litigation, implicitly conceding that his motion to suppress had reasonably delayed the trial until the matter could be heard, briefed, and decided. He nevertheless urged the court's lengthy decision-making had exceeded the speedy-trial deadline by 137 days, requiring dismissal of the charge.

The presiding judge, Kathleen A. Kilnoski, summarily overruled Nelson's motion, stating:

> And I will overrule the motion to dismiss for lack of speedy trial, and find that the matter was taken under advisement by Judge Anderson regarding the suppression issues, and that Judge Anderson's decision on those was filed April 21 of this year; and that this is the first opportunity the court has had to take up

the matter again, so the motion to dismiss for lack of timeliness is overruled.

In light of the court's ruling, Nelson agreed to waive jury trial and submit the case for decision by the court on the minutes of evidence. The court took the case under advisement and scheduled the matter for "further proceedings" on May 20. Pursuant to the court's subsequent finding of guilt, judgment and sentence were pronounced on May 28, 1998. This appeal by Nelson followed.

## II. Speedy–Trial Violation.

 Nelson contends the State's failure to bring him to trial within ninety days from the filing of the trial information compels dismissal of the charge in accordance with Iowa Rule of Criminal Procedure 27(2)(b). The rule states:

> If a defendant indicted for a public offense has not waived his or her right to a speedy trial he or she must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Iowa R.Crim. P. 27(2)(b). We have observed that rule 27(2)(b) is more stringent than the constitutional protection delineated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *State v. Bond*, 340 N.W.2d 276, 278 (Iowa 1983); *State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1980). Under our rule, if trial does not commence within ninety days from indictment, dismissal is compelled unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) "good cause" for the delay. *Petersen*, 288 N.W.2d at 335; *accord State v. Smith*, 573 N.W.2d 14, 17 (Iowa 1997); *Bond*, 340 N.W.2d at 279.

---

1. Nelson complains principally about the time it took the court to rule after this date. Iowa Court Rule 200, however, provides that "[a] matter shall be deemed submitted even though briefs or transcripts have been ordered but have not been filed." Applying that standard, the motion was under submission by the court as of December 10, 1997.

The State–conceding Nelson never waived speedy trial–counters that any delay in bringing Nelson to trial is attributable to his motion to suppress. Mindful that hearing on the motion was held ten days prior to the speedy-trial deadline, the State, by necessity, argues that the court's four-month delay in ruling was reasonable. The argument is not persuasive.

 "Good cause, under our rule, focuses on only one factor: the reason for the delay." *Petersen*, 288 N.W.2d at 335. Surrounding circumstances bear on the inquiry only to the extent they relate directly to the sufficiency of the reason itself. *Bond*, 340 N.W.2d at 279; *Petersen*, 288 N.W.2d at 335. Thus a short period of delay or the absence of prejudice may be legitimate considerations but "only insofar as they affect the strength of the reason for delay." *Petersen*, 288 N.W.2d at 335; *accord Bond*, 340 N.W.2d at 279. In other words, "[i]f the reason for the delay is sufficient the other factors are not needed. If the reason for the delay is insufficient the other factors will not avail to avoid dismissal." *Petersen*, 288 N.W.2d at 335.[2]

 A district court has limited discretion in ruling on a motion to dismiss under rule 27(2)(b). *Bond*, 340 N.W.2d at 279. On appeal we review the court's ruling for abuse of that discretion. *Todd*, 468 N.W.2d at 470. Here the only reason given by Judge Kilnoski for denying Nelson's dismissal motion was the fact that Judge Anderson had the suppression issues "under advisement" since December. On its face, this is an untenable reason to depart from rule 27(2)(b). The judge's rationale seriously undermines the recognized policy that judicial decisions "ordinarily should be reached within sixty days after submission, even in the most complex matters." *State v. Kaster*, 469 N.W.2d 671, 673 (Iowa 1991); *see* Iowa Ct. R. 200 (judicial officers required to report to supreme court all matters taken under advisement for longer than sixty days). That policy is reinforced by Iowa Rule of Criminal Procedure 10(8), which requires that pretrial motions "shall be determined without unreasonable delay."

The State attempts to bolster Judge Kilnoski's rationale by asserting the "sheer number of issues" raised by Nelson, as well as their "complexity," reasonably justified Judge Anderson's four-month delay in ruling. We are not so convinced. Nelson's constitutional claims, though perhaps out of the ordinary for an OWI prosecution, were relatively transparent. His statutory challenges to the roadblock and implied-consent procedures were straightforward.

 It is true that a defendant must accept the passage of time reasonably necessary for careful deliberation and ruling on dispositive motions. *State v. Orte*, 541 N.W.2d 895, 898 (Iowa App.1995) (citing *State v. Donnell*, 239 N.W.2d 575, 579 (Iowa 1976)). But that is not to say a defendant who files a timely motion thereby forfeits the right to be tried without lengthy and unexplained delay. We conclude from this record that Judge Anderson's failure to rule stemmed more from competing demands on his time than

---

**2.** In *State v. Todd*, 468 N.W.2d 462 (Iowa 1991), this court cited *Petersen* for the proposition that the determination of good cause requires an analysis of the four-factor balancing test set forth by the Supreme Court in *Barker v. Wingo*. *See Todd*, 468 N.W.2d at 470 ("In determining good cause, four factors must be analyzed: (1) length of delay, (2) reason for the delay, (3) the defendant's assertion of his right to speedy trial, and (4) any prejudice resulting from the delay."). On further reflection, it appears this was a misstatement of the rule set forth in *Petersen* and subscribed to later in *Bond*. In those cases, we held that rule 27(2)(b) is "both more specific and more stringent than the constitutional speedy-trial requirement." *Petersen*, 288 N.W.2d at 335; *accord Bond*, 340 N.W.2d at 278; *see also State v. Olson*, 528 N.W.2d 651, 654 (Iowa App.1995) ("We have consistently held that the crucial factor in the 'good cause' analysis is the reason for delay.... The other factors are considered only when the reason for the delay is insufficient."). To the extent *Todd* may be confusing on this point, we hereby disavow it.

the need for four months of study. Prior cases teach that the general press of court business is insufficient to avoid dismissal under a speedy-trial rule, even for a busy judge sitting in a high-volume court. *See id.* at 899 (reversing conviction when "inordinate and unexplained delay" in issuance of rulings violated defendant's speedy-trial right); *Olson,* 528 N.W.2d at 654–55 (reversal warranted where prejudice presumed by eight-month delay and reasons fall far short of "good cause"); *State v. Leonard,* 240 N.W.2d 690, 692–93 (Iowa 1976) (neither docket congestion, "complexity" of case, pending motions, or busy schedule of counsel justified delay of trial on court's own motion under former speedy-trial statute, Iowa Code § 795.2 (1973)).

Nor are we willing to accept the State's fallback argument that Nelson suffered no prejudice by the delay and therefore the court's disregard for rule 27(2)(b) resulted in no harm warranting reversal. The argument is premised on the fact that Nelson ultimately stipulated to a trial on the minutes. Assuming without deciding that any actual prejudice suffered by Nelson was minimal, we must nevertheless remind the State that, if the reason for the delay is insufficient, other factors–such as lack of prejudice–cannot prevent dismissal. *Petersen,* 288 N.W.2d at 335; *Olson,* 528 N.W.2d at 654. Moreover, impairment of defense strategy is not the only harm sought to be avoided by rule 27(2)(b). The rule also serves to reduce the anxiety necessarily experienced by an accused awaiting trial. *Olson,* 528 N.W.2d at 653. By ignoring rule 27(2)(b) here, the court eliminated rather than advanced that goal.

It is axiomatic that Nelson had no duty to bring himself to trial. *State v. Shockey,* 214 N.W.2d 146, 150 (Iowa 1974); *Orte,* 541 N.W.2d at 898. Neither the court in its ruling on Nelson's motion to dismiss, nor the State on this appeal, offer any reasonable explanation for the court's lengthy delay in ruling on a motion to suppress. No "good cause" justifying an

exception to rule 27(2)(b) has been shown. In keeping with the rule's mandate, the charge against Nelson must be dismissed. We therefore reverse the judgment entered upon Nelson's conviction and remand to the district court for dismissal of the trial information.

**REVERSED AND REMANDED.**