CADY, Chief Justice
(concurring specially).
I concur in the opinion of the majority. I write separately to emphasize its most important point.
This case is resolved by the answer to the question of whether good cause existed to start and stop the trial. The good cause necessary to support this action would be the same good cause to support extending the commencement of a trial beyond the speedy-trial deadline. See Iowa R. Crim. P. 2.33(2)(6); see also United States v. Brown, 819 F.3d 800, 815 (6th Cir. 2016) (concluding, under the Federal Speedy Trial Act, a “start-and-stop plan” must be examined for compliance with the Act).
The district court decided good cause existed. Our review of that decision is for an abuse of discretion. See State v. Miller, 637 N.W.2d 201, 204 (Iowa 2001); State v. Bond, 340 N.W.2d 276, 279 (Iowa 1983).
Generally, the unavailability of witnesses can support good cause. See, e.g., State v. Todd, 468 N.W.2d 462, 470 (Iowa 1991); State v. Petersen, 288 N.W.2d 332, 335 (Iowa 1980). The dispute in this case is whether the district court was presented with enough evidence to support this finding.
While I would likely have required more evidence if I had been the trial judge in this case, enough evidence was presented to reasonably - support a finding of good cause. There was evidence the defendant backed out of a plea deal at the eleventh hour, which left the prosecutor scrambling to coordinate witnesses for trial. An element of the crime charged, willful injury causing serious injury, see Iowa Code § 708.4(1) (2015), required medical testimony, see id, § 702.18(1)-(2) (defining *710 “serious injury”); State v. Carter, 602 N.W.2d 818, 821 (Iowa 1999) (describing the use of medical testimony to establish serious injury). There was evidence the prosecutor had been working hard to schedule the needed medical personnel to testify at trial but had learned three medical doctors were unavailable. The evidence also explained the reasons for their unavailability.
Discretion expresses the notion of latitude. The district court decision was not out-of-bounds, but expressed the notion that the short delay was justified under the circumstances. The decision was supported by enough evidence and fell within the district court’s discretion.
Waterman, J., joins this special concurrence.