# IN THE COURT OF APPEALS OF IOWA

—————————

No. 25-0406
Filed June 24, 2026

—————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Kelvin Devell Dawley,**
Defendant–Appellant.

—————————

Appeal from the Iowa District Court for Des Moines County,
The Honorable Shane M. Wiley, Judge.

—————————

**AFFIRMED**

—————————

John J. Bishop, Cedar Rapids, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

—————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

Kelvin Dawley appeals the district court's denial of his motion to dismiss for expiration of the ninety-day speedy-trial deadline in a criminal proceeding without good cause. Because a violent incident with another inmate resulted in his hospitalization on the day of the pretrial conference, we conclude that good cause existed and the district court did not abuse its discretion in continuing trial. We affirm.

## BACKGROUND FACTS AND PROCEEDINGS

While on patrol on the evening of August 11, 2024, two Des Moines County Sheriff's deputies in Burlington observed a vehicle whose license plate frame obscured its registration sticker. After initiating a traffic stop, the deputies recovered a bag in backseat passenger Dawley's possession that contained a substance later confirmed to be methamphetamine, along with a glass pipe and a marijuana grinder. The driver later testified at trial that Dawley had the bag around his shoulder when he entered the vehicle; Dawley testified that the bag was not his and that he had not been wearing it.

The State filed a trial information on October 1, charging Dawley with possession of a controlled substance (methamphetamine), third or subsequent offense, a class "D" felony, in violation of Iowa Code section 124.401(5) (2024). Dawley did not waive his right to a speedy trial. The court initially set trial for December 3, with a final pretrial conference set for the day before.

Dawley did not appear at the December 2 conference. He had been hospitalized after a physical altercation with another inmate at the Des Moines County Jail, an altercation for which the other inmate was charged criminally. At the conference, Dawley was represented by an

2

attorney from the same public defender's office as his counsel of record. Counsel told the court "it's certainly not the fault of the State, nor the defense," and that he thought the circumstance "would qualify as good cause to delay the ninety days." The court continued the trial to January 14, 2025, the next available trial date. The parties dispute whether defense counsel affirmatively requested the continuance: the court's December 2 order recites that he did, while the conference transcript reflects no explicit request.

Following the inciting violent incident, Dawley was transported from a hospital in Des Moines County to a hospital in Iowa City on December 2, 2024, but was not held overnight and was returned to the county jail by the end of that day. He had suffered three facial fractures and returned for outpatient reconstructive surgery on December 5.

On January 8, 2025, Dawley moved to dismiss, asserting that the ninety-day speedy-trial deadline had expired and that no good cause justified the delay. The court heard argument on the morning of January 10 and permitted the State to file a written resistance. The parties identified slightly different deadline dates for the deadline—Dawley calculated December 30, 2024, and the State December 31, 2024—but both agreed the January trial setting fell beyond it. On January 11, 2025, the court denied the motion to dismiss, finding that good cause had been shown for the delay. The court reasoned that Dawley's hospitalization required that trial not proceed on December 3, that his injuries were serious enough to require surgery later that week, and that counsel had given the court reason to believe good cause existed at the December 2 conference. The court's order closed by stating that trial remained scheduled for January 14, 2025.

Trial was held on January 22 and 23. The record before us does not explain the continuance from January 14 to January 22. The jury returned a guilty verdict, and Dawley admitted that the offense was his third offense. On March 10, the district court sentenced Dawley to an indeterminate term of incarceration not to exceed five years, imposed a fine of $1,025 plus surcharges, found no reasonable ability to pay category "B" restitution, and set an appeal bond of $5,000. Dawley appeals the denial of his motion to dismiss.

## STANDARD OF REVIEW

Rulings on motions to dismiss based on speedy-trial grounds are reviewed for abuse of discretion. *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005). "When speedy trial grounds are at issue, . . . the discretion given to the district court narrows." *Id.* "The discretion to avoid dismissal in a criminal case is limited to the exceptional circumstance where the State carries its burden of showing good cause for the delay." *State v. Bond*, 340 N.W.2d 276, 279 (Iowa 1983) (citation omitted).

## DISCUSSION

Dawley raises a single issue: that the district court abused its discretion in denying his motion to dismiss because there was no good cause to try him beyond the ninety-day speedy-trial deadline. He argues that the controlling inquiry under Iowa Rule of Criminal Procedure 2.33(2)(b) focuses on one factor—the reason for the delay—and that the reasons here were insufficient.

The State advances two grounds for affirmance. First, it argues that Dawley waived his speedy-trial right when his counsel stated at the December 2 conference that the hospitalization "would qualify as good cause to delay the ninety days," characterizing this as an oral stipulation in open

court that constitutes waiver. In the alternative, the State argues that the hospitalization independently established good cause. We agree with the latter argument and in so doing bypass consideration of the waiver argument.

Dawley contends that his hospitalization did not actually prevent trial as he was back at the county jail by the evening of December 2, his surgery was not until December 5, and his two-day trial could have been held December 3 and 4 before his surgery. But that reasoning only provides a clear path in hindsight. Good cause does not equate to omniscience. The district court did not abuse its narrowed discretion in finding good cause, because on December 2—the date the court was forced to decide—Dawley had been hospitalized following a jail assault that left the nature and duration of his injuries uncertain. A defendant's hospitalization supplies good cause for a continuance beyond the speedy-trial deadline. *See State v. Van Rees*, 246 N.W.2d 339, 342 (Iowa 1976) (holding "that good cause for the delay was shown" where the "[d]efendant was hospitalized with a serious injury"). That's exactly what occurred here. The district court properly exercised its discretion by continuing trial upon learning Dawley had been hospitalized on the day of the pretrial conference. We affirm the court's denial of Dawley's motion to dismiss.

**AFFIRMED.**