# IN THE COURT OF APPEALS OF IOWA

No. 14-0947
Filed June 24, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DALE ROBERT STICKLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

        Dale Stickley appeals following judgment and sentences imposed upon his two convictions of possession of precursors, ethyl ether and ephedrine, with intent to manufacture methamphetamine.  **AFFIRMED.**

        Jessica Maffitt of Benzoni Law Office, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

The sole issue before us is whether there has been a violation of Dale Stickley's right to be brought to trial within ninety days of the indictment being found.

Iowa Rule of Criminal Procedure 2.33(2)(b) provides:

If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

A trial information was approved on March 15, 2013. Stickley was served with copy of the trial information on March 25, 2013. On May 24, 2013, a written speedy-trial waiver was executed by Stickley. The waiver contained clear language explaining to Stickley the specific rights being waived. He himself referred to that waiver in his May 28, 2013 motion for extension of time to file pretrial motions, which he filed pro se. Stickley later moved to dismiss the charges for violation of his speedy-trial rights, contending he did not voluntarily or intelligently waive his speedy-trial rights. Following a hearing, the district court disagreed, finding Stickley to be "competent, . . . literate, has some familiarity with court procedures because of his prior convictions, and has demonstrated some capacity to file motions on his own." The district court found Stickley's claim that he was somehow duped or forced into signing the waiver was "at best, disingenuous."

On appeal, Stickley contends the waiver of his right to a speedy trial was not voluntarily or intelligently entered. We review the denial of a motion to

dismiss for an abuse of discretion. *See State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005).

Our supreme court has held that this rule means "a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument 'unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) "good cause" for the delay.'" *Id.* (quoting *State v. Nelson*, 600 N.W.2d 598, 600 (Iowa 1999)). As the trial court below correctly concluded, Stickley both waived his speedy-trial rights and actively participated in the delays of his case.

We acknowledge Stickley's contention that his waiver was "due to a series of events outside Stickley's control, involving two attorneys withdrawing from his representation due to ethical conflicts" and that he "did not receive effective representation regarding his waiver." However, our record does not allow us to draw such conclusions. "Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." *State v. Bentley*, 757 N.W.2d 257, 264 (Iowa 2008). Because the record here is inadequate, the issue of whether trial counsel was ineffective is preserved for possible postconviction-relief proceedings.

Upon the record before us, we can only conclude that no violation of rule 2.33(2)(b) occurred and Stickley was not entitled to have the charges against him dismissed. We therefore affirm.

**AFFIRMED.**