STATE of Iowa, Appellee,

v.

Terry **RODRIGUEZ**, Appellant.

No. 92–1475.

Supreme Court of Iowa.

Jan. 19, 1994.

Randy J. Hohenadel, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., William E. Davis, County Atty., and Realff Ottesen, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, ANDREASEN and TERNUS, JJ.

LARSON, Justice.

The defendant, Terry Rodriguez, was convicted of two drug offenses under Iowa Code section 204.401(1)(c) (1989). On appeal, he claimed error in the court's refusal to dismiss the case under the one-year trial limitation of Iowa Rule of Criminal Procedure 27(2)(c). The court of appeals reversed. On further review, we vacate the court of appeals decision and affirm the judgment of the district court.

Rodriguez was charged on October 1, 1990, and was arraigned on October 8. He was charged jointly with three other defendants, including one by the name of Jamison.

On November 15, 1990, Jamison filed a motion to suppress evidence, which was denied. On January 10, 1991, Jamison filed an application for discretionary review in the supreme court, which was granted. As a part of the discretionary review, a stay of further proceedings was ordered by this court.

On May 13, 1992, Rodriguez filed a motion to dismiss on the ground that he had been denied his right to a speedy trial under the one-year requirement of rule 27(2)(c). He did not allege a deprivation of his constitutional right to speedy trial.

Rule of criminal procedure 27(2)(c) provides:

All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to Iowa Rule of Criminal Procedure 8 unless an extension is granted by the court, upon a showing of good cause.

■ It is clear that Rodriguez was not brought to trial within one year from his arraignment, but the State argues that Rodriguez waived his right under the one-year rule. Rodriguez responds that, while he had waived his right to speedy trial under rule 27(2)(b), that waiver did not apply to his right to be tried within one year under rule 27(2)(c).

While rule 27(2)(b) expressly provides for a waiver by the defendant of the ninety-day requirement of that rule, subparagraph c does not; it merely provides that the trial must be held within a year "unless an extension is granted by the court upon a showing of good cause." Nevertheless, this court has held that a defendant may waive his right to trial within one year under subparagraph c. State v. Magnuson, 308 N.W.2d 83, 85 (Iowa 1981).

■ The principal question in determining whether good cause exists is what was the reason for the delay. State v. Petersen, 288 N.W.2d 332, 335 (Iowa 1980). Other factors to be considered include the length of the delay, whether the defendant had asserted his right to a speedy trial, and whether the defendant was prejudiced by the delay. Id.

■ The State has the burden of demonstrating good cause for the extension. State v. Miller, 311 N.W.2d 81, 84 (Iowa 1981). Here, the State contends that good cause was established because the stay in the companion case, as to which the district court had denied severance, effectively stayed the proceedings in Rodriguez's case, and he did not object.

In fact, at the time the original trial was to commence, the court made a record on the status of Rodriguez's case, stating that the court assumed the stay affecting Jamison's case would also stay Rodriguez's case. Rodriguez's counsel agreed. Rodriguez made no effort from that point on to either challenge that determination or to again seek a severance of his case in order to resolve it before the conclusion of Jamison's appeal.

We do not believe Rodriguez was prejudiced by the delay; he has been released on bail continuously since his arrest, and he does not claim that his ability to defend himself has in any way been compromised.

We believe the facts justify the finding of the district court that good cause exists. Accordingly, we vacate the court of appeals decision and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**