# IN THE COURT OF APPEALS OF IOWA

No. 13-1822
Filed April 22, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHAWN MICHAEL ELDER JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lee (South) County, John G. Linn, Judge.

Shawn Michael Elder Jr. appeals his conviction for manufacture of more than five grams of methamphetamine. **REVERSED AND REMANDED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, and Michael P. Short, County Attorney, for appellee.

Considered by Danilson, C.J., Bower, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

Shawn Michael Elder Jr. appeals his conviction for manufacture of more than five grams of methamphetamine. He contends the trial court erred in granting the State's motion to continue trial beyond one year after arraignment and denying his related motion to dismiss. We reverse Elder's conviction and remand for dismissal of the charge.

## I. Background Facts and Proceedings.

Resolution of the issue before us requires a detailed recitation of the procedural history of this case. Proceedings were initiated when the State charged Elder with various drug-related crimes on October 16, 2012. Elder filed a written arraignment on November 5, 2012, and entered a plea of not guilty. Trial was set for Tuesday, January 8, 2013.

A pretrial conference was held on December 17, 2012. The court entered an order the same day, confirming the January 8, 2013 trial date and stating Elder demanded his right to a speedy trial.

On December 18, 2012, the State filed additional minutes of evidence naming five additional witnesses for trial. The next day Elder waived his right to a speedy trial and moved for his first continuance, citing his need to depose the newly-named witnesses and defense counsel's absence from the country from December 22, 2012 to January 4, 2013. Trial was continued to Tuesday, March 19, 2013.

The State moved to consolidate Elder's case with that of Tiffany Rae Mitchell. The motion was heard on January 22, 2013. That same day the court consolidated the cases.

Elder sought his second continuance at a pretrial conference held on February 25, 2013. The State did not resist the motion, and trial was rescheduled for Tuesday, April 23, 2013.

Trial was not reached as scheduled on April 23 because a "higher priority" case was scheduled for trial the same day. On May 9, 2013, the court entered an order setting trial for Friday, June 14, 2013. On June 7, 2013, the court, which had been notified by the State of a purported error in the trial date in the May 9 order, changed the trial date to Tuesday, June 11, 2013.

On June 10, 2013, Elder filed a third request for continuance. His motion noted the apparent error in the trial date set in the May 9 order, stated no subpoenas had been issued, and informed the court that defense counsel was scheduled to be in other hearings on June 12, 13, and 14, 2013, "all of which were scheduled before May 9, 2013."[1] Trial was continued to Tuesday, July 23, 2013.

Elder filed a fourth request for continuance on June 24, 2013, stating his attorney would be out of the country on the scheduled July trial date. He also noted that his June 11, 2013 motion to reopen the record and reconsider the court's December 13, 2012 ruling on his motion to suppress had not yet been

---

[1] No explanation appears in the record as to why, if before May 9 defense counsel had a hearing or hearings in another case or cases scheduled for June 14, the conflict with the June 14 trial date in this case was not raised before the June 10 motion.

ruled upon. Although the State filed an objection to the motion to continue, it thereafter withdrew its objection and the court continued the trial to Tuesday, August 20, 2013.

Following a pretrial conference held on August 5, 2013, the court confirmed the August 20, 2013 trial date. On August 12, 2013, the court denied Elder's renewed motion to suppress.

On August 16, 2013, Elder filed his fifth motion to continue, noting that his attorney was scheduled to be in trial on a different matter from August 20 to August 30, 2013. Trial was then continued again, until Tuesday, September 24, 2013.

A pretrial hearing was held on September 16, 2013, at which time the court expressed its concern about counsel concurrently representing Elder and his co-defendant, Mitchell. The court continued trial to Tuesday, October 22, 2013, to allow for an October 14, 2013 hearing on the potential conflict of interest in joint representation. The court provided that if trial was not reached on October 22, the trial would be held on November 13, 2013.

On October 8, 2013, the State moved to continue trial beyond one year, asserting this case had been scheduled for trial on seven occasions, noting Elder had requested and received five continuances, and stating that two times the case had not been reached for trial "because a case of higher priority was scheduled for trial."[2] The court granted the motion on October 9, 2013. In doing

---

[2] The State's motion asserted that another case had been scheduled for trial on September 24, 2013, but it had "scheduled that morning of trial" after the State had

so the court stated its belief that it need not determine "who or where to attribute the delay to in this case" but instead needed to determine "why is it we're in the position we are now." It found "the State has demonstrated good cause to extend this case beyond the one-year limitation set forth in Iowa Rule of Criminal Procedure 2.23(2)(c)." In doing so it relied on "the case history"; "the pressing demands presented the County Attorney"; "the docket that this county uniquely presents"; "the pressing demands of defense counsel, based on some of the scheduling conflicts because of other cases defense counsel was required to attend to"; and "the pretrial preparation, the motions filed by the defendant."

On October 9, 2013, Elder moved to sever his trial from Mitchell's. The court granted that motion on October 21, 2013. No trial was held on October 22, 2013, as scheduled, apparently because of a conflict with another trial scheduled for that same day.

On November 12, 2013, Elder moved to dismiss for violation of the one-year speedy-trial rule. The court denied the motion on November 13, 2013, noting that it had granted an extension of the one-year deadline in its October 9 order and stating its continued belief that "good cause" existed to continue trial beyond the one-year deadline. The court added to its earlier ruling a conclusion that the number of continuances that had been sought by the defense resulted in "any delay beyond one year [being] attributable to the defendant."

On November 13, 2013, Elder waived his right to a jury trial and a bench trial was held. The court found Elder guilty of manufacture of more than five

"called off its witnesses" in this case. We presume the State intended to say that the other case had "settled that morning of trial."

grams of methamphetamine. On that same date the court sentenced Elder to a term of imprisonment and to pay a fine. Elder appeals.

## II. The Issue(s) on Appeal.

Elder asserts:

THE TRIAL COURT ERRED IN GRANTING THE MOTION TO CONTINUE BEYOND ONE YEAR AND IN FAILING TO GRANT THE MOTION TO DISMISS.

Elder argues that although he did request continuances, including continuances of the July and August 2013 trial dates, the trial could have been held in September or October. He argues that the State has not met its burden to prove an exception to the one-year speedy trial requirement.

The State asserts:

The District Court Properly Found Good Cause Existed To Extend Defendant's Trial Beyond The One-Year Deadline.[3]

## III. Scope and Standards of Review.

Our scope of review is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001); *State v. Finn*, 469 N.W.2d 692, 693 (Iowa 1991). We apply an abuse-of-discretion standard. *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005); *State v. Nelson*, 600 N.W.2d 598, 601 (Iowa 1999). When speedy-trial rights are at issue, the district court's discretion narrows. *Winters*, 690 N.W.2d at 907. "The trial court's discretion to avoid dismissal under [Iowa Rule of Criminal Procedure 2.33] is circumscribed by

---

[3] The State does not appear to resist Elder's argument that the district court erred in concluding that any delay beyond one year was attributable to Elder. Although we therefore arguably need not address that question, in the event we have misread the State's brief we choose to address it. For the reasons discussed below, we conclude the record does not support the court's conclusion on this point.

the limited exceptions to the rule's mandate. So, the question ultimately is whether the trial court properly exercised—or abused—its limited discretion under the rule." *Miller*, 637 N.W.2d at 204 (citations omitted).

**IV. Merits.**

Iowa Rule of Criminal Procedure 2.33(2)(c) provides: "All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause." This rule establishes an "outer limit" for trial, comparable to a statute of limitations. *State v. Mary*, 401 N.W.2d 239, 241 (Iowa Ct. App. 1986). "In determining whether there is good cause for a delay, we focus only on one factor, the reason for the delay. The attending circumstances bear on that inquiry only to the extent they relate to the sufficiency of the reason itself." *State v. Campbell*, 714 N.W.2d 622, 628 (Iowa 2006) (citations omitted).

Delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation to bring the defendant to trial in a timely manner. *State v. Keys*, 535 N.W.2d 783, 787 (Iowa Ct. App. 1995). A defendant "may not actively, or passively, participate in the events [that] delay his trial and then later take advantage of that delay to terminate the prosecution." *Finn*, 469 N.W.2d at 694. A defendant who actively participates in events which delay his retrial cannot take advantage of the delay to terminate prosecution. *State v. Zaehringer*, 306 N.W.2d 792, 796 (Iowa 1981)

Although waiver is not expressly mentioned in rule 2.33(2)(c), because the right to a speedy trial is personal to a defendant a defendant may waive the right

to trial within one year. *State v. Rodriguez*, 511 N.W.2d 382, 383 (Iowa 1994); *State v. Magnuson*, 308 N.W.2d 83, 85 (Iowa 1981).

Exceptions to the one-year deadline thus include (1) waiver by the defendant, (2) delay attributable to the defendant, and (3) other "good cause" for the delay. *Cf. Winters*, 690 N.W.2d at 908 (holding that such exceptions exist for the ninety-day deadline of Iowa Rule of Criminal Procedure 2.33(2)(b)). The burden of showing an exception to a speedy-trial deadline "rests squarely on the State." *Miller*, 637 N.W.2d at 204 (stating such is the burden in a rule 2.33(2)(b) ninety-day speedy-trial case). The State's burden is a heavy one. *Mary*, 401 N.W.2d at 241.

Elder was not tried until eight days beyond the one year after his arraignment. He did not waive his right to be tried within one year. The district court was therefore required to dismiss the charge against Elder unless the State proved (1) the delay of trial beyond one year was attributable to Elder, or (2) other good cause existed for the delay beyond one year. *See Miller*, 637 N.W.2d at 204.

"Delay attributable to the defendant may include whatever passage of time is reasonably necessary to act upon the defendant's motion." *State v. Hart*, 703 N.W.2d 768, 772 (Iowa Ct. App. 2005) (citations and quotation marks omitted). Elder did file a motion on June 11, 2013. That motion was disposed of on August 12, 2013, almost three months before the end of the one-year trial deadline and cannot constitute delay beyond one year attributable to Elder or to other good cause.

In January 2013 the State, not Elder, sought and secured consolidation of Elder's case with that of Mitchell. On September 16, 2013, the court expressed its concern about a possible conflict of interest if defense counsel represented both. On October 9, 2013, Elder filed a motion to sever trials. No resistance by the State appears in the record. The motion was not submitted and granted until October 21, 2013, apparently as an uncontested, routine matter.[4] This uncontested motion, filed four weeks before the one-year deadline, and the court's ruling on the motion, filed two weeks before the deadline, do not constitute delay beyond one year that is attributable to Elder or to other good cause. *See, e.g.*, *Nelson*, 600 N.W.2d at 601 (stating that although a defendant "must accept the time reasonably necessary for careful deliberation and ruling on dispositive motions," this "is not to say a defendant who files a timely motion thereby forfeits the right to be tried without lengthy and unexplained delay"); *see also Miller*, 637 N.W.2d at 206 (reversing conviction and remanding for dismissal where the trial court's ruling on a motion "came down with a week to spare" before expiration of a ninety-day speedy-trial deadline).

Additional grounds cited by the trial court as "good cause" in sustaining the State's motion to continue trial beyond one year are equally unconvincing.[5] These reasons included the pressing demands of the county attorney and

---

[4] Nothing in the record, other than perhaps the fact the State had already sought and secured an order continuing trial beyond one year, indicates why in the absence of any resistance by the State the motion could not have been sustained as a consent matter at a substantially earlier date than October 21.

[5] That motion and the ruling sustaining it came four weeks before the expiration of the one-year period. In its ruling the court relied entirely upon matters it cited as constituting "good cause" and made no mention of delay attributable to Elder other than "motions filed by the defendant," a ground which we have rejected.

defense counsel and the scheduling conflicts of defense counsel. However, nothing in the record shows that either the prosecuting attorney or defense counsel was unavailable for trial after September 24, 2013 (or, for that matter, after defense counsel's late-August trial) and before the one year expired.

The district court also cited "the case history" and "the docket that this county uniquely presents." However, at the time of the court's ruling on the motion to continue beyond one year, nothing in the "case history" prevented trial in the four weeks remaining before the one-year deadline. "Prior cases teach that the general press of court business is insufficient to avoid dismissal under a speedy-trial rule, even for a busy judge sitting in a high-volume court." *Miller*, 637 N.W.2d at 205 (citing and quoting *Nelson*, 600 N.W.2d at 602). "When the State contends 'court congestion' is the reason for delay, the trial court must distinguish between chronic court congestion and specific circumstances arising out of unique, non-recurring events which create a particular scheduling problem." *State v. Bond*, 340 N.W.2d 276, 279 (Iowa 1983). The record contains no evidence of such unique, non-recurring events, and strongly suggests nothing more than chronic court congestion. Nor does the record contain any explanation of why other matters should have taken precedence over Elder's case in the week of October 28, 2013, still within one year of Elder's arraignment. *See State v. Leonard*, 240 N.W.2d 690, 692-93 (Iowa 1976) (noting, in reversing a conviction and remanding for dismissal on speedy-trial grounds the absence of an explanation as to why other matters took precedence

over Leonard's trial). Under the record presented, the county's docket cannot justify the denial of Elder's right to a timely trial.

As noted above, in its November 13, 2013 ruling denying Elder's motion to dismiss, the court added to its earlier ruling a conclusion that the number of continuances sought by the defense resulted in delay beyond one year being attributable to Elder. However, the last continuance sought by Elder continued trial to September 24, 2013, with six weeks remaining available thereafter in which to bring the case to trial. Further, in considering whether a delay beyond a speedy-trial deadline warrants dismissal of the prosecution, it is not appropriate to identify the amounts of time related to events that are believed to have impeded progress of the case, attribute those events to the defendant, and then extend the deadline by a like number of days. *Campbell*, 714 N.W.2d at 628. Instead,

> [t]he decisive inquiry in these matters should be whether events that impeded the progress of the case and were attributable to the defendant . . . serve as a matter of practical necessity to move the trial date beyond the initial . . . period required by the rule.

*Id.* The record discloses no events attributable to Elder that "serve as a matter of practical necessity" to move the trial date in this case beyond the one-year deadline.

Two final points deserve brief mention. First, the pattern of continuances in this case—always for four, five, or six weeks, and always into a subsequent month—strongly suggests a "regular" trial schedule for cases such as this, a schedule which was adhered to even at the cost of Elder's right to a trial within

one year.[6]  Such scheduling has been rejected as a reason for denying a right to speedy trial.  *See generally Miller*, 637 N.W.2d at 204-06.

Second, "[w]e have emphasized the obligation of the district court to give priority to the use of judicial resources in disposing of criminal cases because of the speedy trial requirement of [the statutory predecessor of our present criminal procedure speedy trial rules]."  *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 570 (Iowa 1976).  When a speedy-trial deadline approaches, extra ordinary measures may be required.  Criminal cases must be disposed of promptly throughout a district, "even at the cost of deferring civil cases throughout the district if necessary."  *State v. Wright*, 234 N.W.2d 99, 104 (Iowa 1975).  Further, in the case of docket congestion or unusual workloads an additional judge or judges may be assigned in order to accommodate speedy-trial cases.  *See, e.g.*, *Leonard*, 240 N.W.2d at 693 (recognizing, in reversing a conviction and remanding for dismissal on speedy trial grounds, that the chief judge has the authority to assign judges of the district to accommodate unusual workloads, and noting the lack of a showing that the chief judge was requested to do so).  Here, as in *Leonard*, the record contains no indication of any such action.

## V.    Conclusion and Disposition.

Elder did not waive his right to be tried within one year of his arraignment. The history in this case reveals that after numerous delays were sought and secured by Elder's requests for continuance, delays after October 9, 2013, were

---

[6] The district court's pretrial ruling of September 16, 2013, provided that if trial was not reached on October 22 (within the one year and with two weeks remaining before expiration of the one-year deadline), trial would be held November 13, 2013 (eight days after expiration of the one year since arraignment).

attributable to the court and the State. The State has not met its "heavy burden" to show that delay attributable to Elder or other "good cause" required continuing trial beyond one year. We conclude the district court abused its discretion in ordering trial continued beyond one year from Elder's arraignment and subsequently denying his motion to dismiss for violation of his right to trial within one year. We therefore reverse Elder's conviction and remand to the district court for dismissal of the trial information.

**REVERSED AND REMANDED.**