**IN THE COURT OF APPEALS OF IOWA**

No. 14-1927
Filed February 10, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RAUL SALAZAR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Benton County, Paul D. Miller

(guilty plea) and Mary E. Chicchelly (sentencing), Judges.


        Defendant appeals his convictions for three counts of homicide by vehicle.

**AFFIRMED.**



        David N. Nadler, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee.



        Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Defendant Raul Salazar appeals his convictions, based upon his guilty pleas, for three counts of homicide by vehicle. By pleading guilty, Salazar waived all challenges to the charges based on speedy trial grounds. Also, Salazar has not shown he received ineffective assistance based upon his claim defense counsel should have filed a motion to dismiss on speedy trial grounds. Salazar filed a written waiver of his right to trial within one year under Iowa Rule of Criminal Procedure 2.33(2)(c). We affirm his convictions.

## I. Background Facts & Proceedings

On August 16, 2013, Salazar was charged with three counts of homicide by vehicle and one count of operating while intoxicated. The State alleged that while intoxicated Salazar drove his GMC truck into a Chevrolet Impala, killing the driver and two passengers. Salazar was arraigned on September 6, 2013. Salazar waived his right to trial within ninety days, pursuant to rule 2.33(2)(b), at that time.

A pretrial order filed on November 7, 2013, set the trial for February 10, 2014, and noted Salazar had waived his right to a speedy trial. The order states discovery was not complete because the parties were awaiting DNA test results. On January 17, 2014, defense counsel filed a motion to continue because he still did not have the DNA test results. The court granted the motion and reset the trial for March 24, 2014.

On March 13, 2014, Salazar filed a written waiver of his right to trial within one year. The waiver states:

COMES NOW THE ABOVE-NAMED Defendant, Raul Salazar, Jr., and having previously demanded his[ ] right to be tried within one year pursuant to Iowa Rules of Criminal Procedure 2.33(2)(c), now hereby waives said right. The Defendant fully understands that by waiving said right he[ ] is agreeing to have the trial date scheduled more than one year from the date of the initial arraignment.

The written waiver was signed by defendant and defense counsel. A pretrial order states, "On today's date Defendant waived his right to trial within one year." The court reset the trial for September 29, 2014.

On September 11, 2014, Salazar pled guilty to three counts of homicide by vehicle. The State agreed to dismiss the charge of operating while intoxicated. Salazar was sentenced to a term of imprisonment not to exceed twenty-five years on each count, to be served consecutively. Salazar appeals his convictions, claiming he received ineffective assistance of counsel.

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III. Merits

A valid guilty plea waives all defenses and objections, except that the trial information charges no offense or any irregularities in the plea itself. *See State*

*v. Mattly*, 513 N.W.2d 739, 740-41 (Iowa 1994). When a person enters a guilty plea the person waives all challenges to the charge based on speedy trial claims. *See State v. McGee*, 211 N.W.2d 267, 268 (Iowa 1973) ("We hold that defendant waived delay in trial by pleading guilty."); *see also State v. Burgess*, 639 N.W.2d 564, 567 (Iowa 2001) (stating a guilty plea waives challenges to a charge based on statute of limitations or speedy indictment grounds). Thus, when a defendant pleads guilty, he is foreclosed from challenging his conviction on speedy trial grounds. *State v. Taylor*, 211 N.W.2d 264, 266 (Iowa 1973). Salazar entered guilty pleas to three counts of homicide by vehicle and he may not challenge those convictions on speedy trial grounds.

Salazar also claims he received ineffective assistance because defense counsel did not file a motion to dismiss on speedy trial grounds. Prior to the time the one-year speedy trial deadline passed, Salazar filed a written waiver of his right to speedy trial. A defendant may waive the right to speedy trial. *State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005); *State v. Elder*, 868 N.W.2d 448, 453 (Iowa Ct. App. 2015) ("[B]ecause the right to a speedy trial is personal to a defendant a defendant may waive the right to trial within one year."). The waiver of the right to speedy trial must be voluntary. *See State v. Kluge*, 672 N.W.2d 506, 510 (Iowa Ct. App. 2003). Salazar and his attorney both signed the written document and we find it was a valid waiver of his right to a speedy trial.

We conclude Salazar cannot show he received ineffective assistance of counsel. Even if defense counsel had filed a motion to dismiss on speedy trial grounds, such a motion would have been unsuccessful because Salazar had

waived his right to a speedy trial. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (finding we will not find counsel breached a duty by failing to pursue a meritless issue).

We affirm Salazar's convictions.

**AFFIRMED.**