**IN THE COURT OF APPEALS OF IOWA**

No. 15-1819
Filed August 17, 2016

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**EARL OTTO PEDERSEN,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Kossuth County, Ann M. Gales, District Associate Judge.

A defendant challenges the judgment entered upon his plea of guilty to operating while intoxicated, second offense. **AFFIRMED.**

Jack B. Bjornstad of Jack Bjornstad Law Office, Okoboji, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

Earl Pedersen appeals the judgment entered upon his plea of guilty to operating while intoxicated (OWI), second offense. Pedersen argues his trial counsel was ineffective in failing to move to dismiss the charge based on a violation of his right to a speedy trial. Because the record is inadequate to decide the merits of the speedy-trial issue, we affirm Pedersen's conviction and preserve the claim for possible postconviction-relief proceedings.

## I.     Background Facts and Proceedings

On September 10, 2014, the State charged Earl Pedersen by trial information with OWI, second offense, an aggravated misdemeanor, in violation of Iowa Code sections 321J.1 and 321J.2 (2013) and operating while revoked, a serious misdemeanor, in violation of section 321J.21. Pedersen filed a written arraignment and plea of not guilty on September 18. At this time, Pedersen posted bond and waived his right to a speedy trial within ninety days. The court conditioned Pedersen's pretrial release upon his supervision by the Third Judicial District Department of Corrections. The court ordered Pedersen to refrain from alcohol consumption and required him to wear a SCRAMx monitoring bracelet[1] at his own expense.

On October 8, 2014, the State filed an application for revocation of terms of pretrial release on grounds Pedersen "had alcohol in his body consistently from 9/26/14-9/29/14" and tampered with his monitoring bracelet. The court issued an arrest warrant. At the hearing on the State's application, which took

---

[1] A private contractor, Innovative Monitoring Systems, attaches the ankle bracelet and maintains the modem and other equipment used to monitor the offender's alcohol use while released from custody.

place on October 27, the court modified the conditions of Pedersen's release, ordering Pedersen to return the monitoring bracelet and post a $500 cash bond before his discharge from jail.

At Pedersen's pretrial conference on November 19, 2014, the court ordered a continuance of the trial at Pedersen's request. The court reset the pretrial conference for January 6, 2015; but for reasons not explained in the record, the court did not include a new trial date in the order.

Two days later, the State filed its second application for revocation, alleging Pedersen had missed three appointments with the Department of Corrections in the month of November. Again, the court issued an arrest warrant.

For the next nine months, the case remained dormant. The date of Pedersen's pretrial conference came and went without mention in the court's docket. We find no filing indicating whether Pedersen appeared or that the pretrial conference took place at all. In fact, the next activity in the case after the issuance of the warrant was not until September 9, 2015, when the State filed an addendum to its November 21, 2014 application for revocation to include Pedersen's arrest on a new charge in Polk County. The Kossuth County Sheriff served Pedersen with the November 2014 warrant shortly thereafter.

On September 29, 2015, under an agreement with the State, Pedersen signed a plea of guilty to the second-offense OWI charge. Pederson filed the plea with the court on October 5.[2] The court sentenced Pedersen in accordance

---

[2] Under the agreement, the State dismissed the operating-while-revoked charge.

with the agreement on October 25 after finding Pedersen intelligently and voluntarily entered his guilty plea. Pedersen filed his appeal four days later.

## II. Standard of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). Generally, we preserve ineffective-assistance claims for postconviction-relief proceedings. *Id.* We will do so regardless of our estimation of the claim's "potential viability." *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Only if we find the development of the factual record would not be useful to decide an ineffective-assistance claim will we address it on direct appeal. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

## III. Analysis

Pedersen argues his trial counsel was ineffective in allowing him to enter a plea of guilty before moving to dismiss the prosecution on grounds the State violated Pedersen's right to a speedy trial. To succeed on his ineffective-assistance claim, Pedersen must show both: (1) his counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In general, by pleading guilty, a defendant waives all objections to the criminal proceedings against him, including ineffective-assistance claims. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). But a defendant may effectively challenge a guilty plea on ineffective-assistance grounds if "the advice he [or she] received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases." *Utter*, 803 N.W.2d at 651 (quoting *Carroll*, 767 N.W.2d at 642).

Under Iowa Rule of Criminal Procedure 2.33(2)(c): "All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause." In determining whether good cause exists, the decisive issue is the reason for the delay. *State v. Elder*, 868 N.W.2d 448, 453 (Iowa Ct. App. 2015). Specifically, we consider "whether events that impeded the progress of the case . . . were attributable to the defendant or to some other good cause for delay." *State v. Campbell*, 714 N.W.2d 622, 628 (Iowa 2006). This heavy burden of showing a good-cause exception to the one-year speedy-trial deadline rests with the State. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001).

Pedersen argues his counsel failed to perform an essential duty by not moving to dismiss on speedy-trial grounds when Pedersen was not brought to trial within one year of the initial arraignment and by instead allowing Pedersen to plead guilty. Pederson emphasizes the record does not show he actually missed a scheduled court date because his trial was never rescheduled after it was originally continued. He contends he was prejudiced by counsel's failure because, had he known of the speedy-trial claim, he would not have pleaded guilty and the State would have been barred from pursuing the charges against him.

The State responds that Pedersen cannot show a breach of duty because the record indicates the trial delay was attributable to Pedersen's voluntary absence and evasion of law enforcement. The State argues the speedy-trial claim was meritless, so Pedersen's attorney had no duty to raise it. In the

alternative, the State maintains the issue should be preserved for postconviction-relief proceedings.

We find the sparse record in this matter is not sufficient to evaluate counsel's performance. The record is silent on the State's ability to show good cause for the delay in bringing Pedersen to trial, particularly the adequacy of the State's efforts to execute the outstanding arrest warrant. *See generally State v. Jentz*, 853 N.W.2d 257, 271 (Iowa Ct. App. 2013) (noting State's duty to provide defendant a speedy trial does not require "it play a game of hide-and-go-seek with him" (quoting *State v. Lyles*, 225 N.W.2d 124, 126 (Iowa 1975))). As counsel has no duty to raise a meritless issue, the postconviction court must decide if the State could show good cause for the delay in Pedersen's trial. *Cf. Carroll*, 767 N.W.2d at 645–46 (discussing merits of suppression issue). Accordingly, we affirm Pedersen's conviction and preserve his ineffective-assistance claim for possible postconviction-relief proceedings.

**AFFIRMED.**