# IN THE COURT OF APPEALS OF IOWA

No. 16-1955
Filed September 27, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBERT EARL BRANDHORST,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge (motion to dismiss), and DeDra L. Schroeder (trial), Judge.

A defendant appeals his conviction for driving while barred as a habitual offender. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, P.J. and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Robert Brandhorst appeals his conviction for driving while barred as a habitual offender, in violation of Iowa Code sections 321.560 and 321.561 (2015). He claims the district court erred when it failed to dismiss the matter for failure to prosecute within one year from the date of arraignment, the district court failed to inform him of his rights associated with stipulating to his status as a habitual offender, and there was insufficient evidence to support his conviction. We find no error in the district court's decision to deny dismissal for failure to prosecute within one year of Brandhorst's arraignment or in the district court's failure to inform Brandhorst of his rights associated with the stipulation that he is a habitual offender pursuant to Iowa Code section 321.555. We also reject Brandhorst's claims attacking the sufficiency of the evidence. Thus, we affirm his conviction.

## I. Background Facts and Proceedings

At approximately 3:30 a.m. on July 1, 2015, a deputy working with the Floyd County Sheriff's office was on patrol near the town of Midway. As he crossed a bridge, the deputy noticed three individuals—two were fishing and one was on a bicycle. The deputy approached the three individuals to inquire about their fishing licenses. As the deputy ran their information in his patrol car, a vehicle approached and pulled in behind the patrol car. Once the vehicle's headlights illuminated the patrol car the vehicle stopped, reversed, and took off in another direction.

The deputy followed the vehicle's taillights or dust from the gravel road to the top of a nearby hill where the deputy lost sight of the vehicle. At the top of

the hill, the deputy exited his vehicle and approached a farmhouse property on foot. He located a vehicle around the backside of the house where he found Brandhorst sitting in the driver's seat of a small, single-cab pickup truck. The deputy noticed several beer cans on the floor of the passenger side and asked Brandhorst why he tried to dodge the deputy and if he had permission to be on the property. Brandhorst indicated he "did not have a driver's license" and did not know the property owner. Brandhorst proceeded to explain another individual, "Dale," drove Brandhorst onto the property and took off running before the deputy arrived.

The deputy placed Brandhorst under arrest after running his driver's license and determining that Brandhorst's driving privileges were barred. The trial information charged Brandhorst with one count of driving while barred as a habitual offender. At trial, Brandhorst's defense was that Dale had been driving. A defense witness testified she was on the way to pick up one of the fishermen when a man appeared out of the ditch and ran in front of her vehicle into the other ditch. The jury convicted Brandhorst of driving while barred, and Brandhorst stipulated his driving privileges were barred as a habitual offender. Brandhorst appeals.

## II. Standard of Review

"[T]he court's application of procedural rules governing speedy trial" is reviewed for correction of errors at law. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001). We apply an abuse-of-discretion standard. *State v. Elder*, 868 N.W.2d 448, 453 (Iowa Ct. App. 2015).

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). The jury's verdict will not be disturbed if it is supported by substantial evidence. *Id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* As always, the jury is free to give weight to the evidence it chooses and reject the evidence it chooses. *Id.*

## III. Speedy Trial

Iowa Rule of Criminal Procedure 2.33(2)(c) provides: "All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause." *State v. Elder*, 868 N.W.2d at 453. Exceptions to the one-year deadline thus include (1) waiver by the defendant, (2) delay attributable to the defendant, and (3) other "good cause" for the delay. *Id.*

The district court denied Brandhorst's motion to dismiss for "good cause." The State asserts trial counsel impliedly waived the right by acquiescing to a continuance during the pretrial conference on August 9. Although no transcript was available, the district court entered an order following the August 9 pretrial conference indicating "[Brandhorst] WAIVES Speedy Trial." Additionally, on August 17, the court entered an order continuing the trial "[b]y agreement of the parties." The trial was in the tenth position and all those ahead of Brandhorst's case were being resolved either by filing pleas or continuances. While trial counsel argued she agreed to a continuance on another case, not Brandhorst's case, the district court did not find her explanation of any confusion supported by

the record and denied the motion to dismiss. We agree with the district court, the record supports trial counsel waived Brandhorst's speedy-trial right by agreeing to a continuance of the trial set in August 2016. *See, e.g.*, *State v. O'Connell*, 275 N.W.2d 197, 200 (Iowa 1979) (establishing speedy-trial rights could be waived by continuance motions made by defense counsel).

## IV. Habitual Offender

Brandhorst next contends the district court erred in failing to inform him of his constitutional rights associated with the stipulation that he is a habitual offender. He asserts the district court was required to inform him of the nature of the habitual-offender element and inform him that the prior convictions must have been obtained when he was represented by counsel or after he knowingly and voluntarily waived the right to counsel. *See State v. Harrington*, 893 N.W.2d 36, 45–46 (Iowa 2017). The State asserts Brandhorst did not preserve error on this claim.

"The doctrine of error preservation has two components—a substantive component and a timeliness component." *State v. Krogmann*, 804 N.W.2d 518, 523 (Iowa 2011) (holding a one-page resistance that stated there was no legal basis for the State's actions did not properly preserve error with respect to the defendant's constitutional claims). To preserve error on appeal, the party must first state the objection in a timely manner, that is, at a time when corrective action can be taken, in addition to the basis for the objection. *Id.* at 524. The court must then rule on the issue. *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012).

Brandhorst concedes he did not preserve error by failing to include the argument in his motion in arrest of judgment but argues the enhanced sentence is illegal because he was not informed of the nature of the habitual-offender element. We find Brandhorst's claim is not actually a claim his sentence is illegal but is a challenge to the evidence supporting this conviction. *See Tindell v. State*, 629 N.W.2d 357, 360 (Iowa 2001) ("[A] claim of procedural error is not a claim of illegal sentence, and therefore, it is precluded by our normal error-preservation rules.").

Brandhorst was charged under Iowa Code section 321.561, which makes it "unlawful for any person found to be a habitual offender to operate a motor vehicle in this state." In this case, the jury was instructed the State had to prove: "1. On or about the 1st day of July, 2015, Robert Brandhorst operated a motor vehicle in Floyd County, Iowa. 2. At the time he operated a motor vehicle, his driver's license was barred." Thus, when Brandhorst stipulated to being barred from driving as a habitual offender, he was stipulating to an element of the offense, not a sentencing enhancement. The district court is not required to conduct a colloquy when a defendant chooses to stipulate to an element of an offense. *State v. Everett*, 372 N.W.2d 235, 237 (Iowa 1985) (holding there is no "due process requirement to undertake a guilty plea colloquy prior to accepting a stipulated factual record"). Since Brandhorst stipulated to an element of the offense and was not stipulating to the application of a sentencing enhancement, the plea colloquy protections under *Harrington* do not apply, and Brandhorst was required to object to any deficiency in the factual record supporting the element of the offense in a timely manner, which he failed to do. We find Brandhorst did

not preserve error on his challenge to the habitual-offender element of the charged offense.

## V. Sufficiency of the Evidence

Brandhorst claims the evidence was insufficient to support his conviction. Specifically, Brandhorst asserts the evidence failed to identify him as the driver. He argues the State's evidence was merely circumstantial and there was evidence that a second person had been present.

Our review of the record indicates there is sufficient evidence to support the jury's verdict. Brandhorst did not dispute he was in the vehicle, so the only question is whether he was the driver. While one witness testified she saw a man run across the road in front of her car, the deputy rejected the idea another man was driving and identified Brandhorst as the driver. The deputy testified he followed the vehicle onto the farm property and found Brandhorst sitting in the driver's seat. The deputy further testified he asked Brandhorst why he pulled onto that particular property, and Brandhorst replied "[b]ecause I don't have a driver's license." Additionally, the vehicle's keys were found tucked under the front seat, under the ignition. On the passenger's side, the floor was littered with undented, empty beer cans as well as other objects, and the passenger seat contained several items including an unopened beer can, a propane cylinder, some screwdrivers, and clothing. As the deputy testified, with all of the items found on the passenger side of the vehicle, it would make sitting in the passenger's seat "difficult and uncomfortable," especially considering Brandhorst is six-foot, three inches tall and wears a size 14 shoe.

When asked about the alleged second person, Brandhorst guessed at possible last names but ultimately was not able to provide one. The deputy noted there was no evidence a second person was nearby when he approached the vehicle.

The jury was free to evaluate the witnesses at trial and determine what it believed. *See Sanford*, 814 N.W.2d at 615. The jury could have reasonably determined the deputy's testimony was more credible. Accordingly, we conclude there was sufficient evidence to support the jury's verdict.

## VI. Conclusion

Because we reject Brandhorst's claims regarding sufficiency of the evidence, the district court did not err in denying dismissal for failure to prosecute within one year, and Brandhorst did not preserve error on his challenge to his status as a habitual offender, we affirm his conviction.

**AFFIRMED.**